ELIZABETH HINCKLEY LANSING, Complainant and Appellant, v. DON KENNETH LANSING, Defendant and Appellee.—378 S.W.(2d) 786.

Western Section. December 6, 1963.

Certiorari Denied by Supreme Court May 8, 1964.

William W. O'Hearn, Memphis, Donelson, Adams, O'Hearn, Grogan & Edwards, Memphis, of counsel, for appellant.

James M. Tharpe, Memphis, for appellee.

BEJACH, J. This cause involves an appeal by Mrs. Elizabeth Hinckley Lansing from a judgment of the Circuit Court of Shelby County awarding alimony and sustaining an exception by defendant, Don Kenneth

Lansing, to the report of the Referee who had been appointed to ascertain and report on what property the defendant possessed, what would be a reasonable allowance for the support and maintenance of complainant and the minor children of the parties, and what would be a reasonable amount for solicitors' fees and other necessary costs and expenses of this suit. In this opinion the parties will be referred to, according to their status in the lower court, as complainant and defendant.

The cause had originally been tried as a divorce suit before Hon. Andrew O. Holmes, at that time Circuit Court Judge in Shelby County, but now a Justice of the Supreme Court. Judge Holmes granted an absolute divorce to complainant on the ground of cruel and inhuman treatment, and ordered a reference to Hon. George C. Cunningham as Referee, before awarding alimony and child support and fixing fees for complainant's counsel. Before the report of the Referee was filed and disposed of, Judge Holmes had been appointed to the Supreme Court of Tennessee, and action on the Referee's report was taken by his successor, Hon. William B. Leffler, Judge. Among other items of the Referee's report, therein contained, is a report that the defendant holds 25% of the stock of Kalm, Inc. which owns a lease on the Holiday Inn on Bardstown Road, Louisville, Kentucky, and 25% of the stock of Malco, Inc. which is to operate a Holiday Inn at Jeffersonville, Indiana. Proof in the record shows that defendant's investment in these corporations had been made by him with the proceeds of sales of lots in the Lake Forrest Subdivision on James Road in Shelby County, Tennessee, which had been jointly owned by complainant and defendant as

tenants by the entireties, and which had been developed largely from resources of complainant and her mother.

The Referee's report was filed February 22, 1963, and on March 6, 1963, which was more than 5 days thereafter, defendant filed exceptions to the Referee's report, styled therein "Report of Master", in which he complains that the finding of the Master divests the defendant of all of his property, real and personal, and would leave defendant absolutely nothing for his own support, the Master having found that the defendant has no income. Complainant, on March 7, 1963, filed a motion to strike the exceptions to the report of the Referee, "1. Because they are without merit, and 2. Because the exceptions were not filed within five (5) days as required by Section 20-1407 Tennessee Code Annotated, Official Edition." Complainant also filed a motion to confirm the Referee's report. The trial judge overruled the motion to strike the exceptions, considered same on their merit, and affirmed the Referee's report except as to the stock of Kalm, Inc. and Malco, Inc. A decree embodying this ruling and fixing alimony and child support was entered April 29, 1963, which decree contains the following paragraph:

"From so much of said decree of the court in overruling the Referee as to the stock of Kalm, Inc., and Malco, Inc., complainant excepts and prays an appeal to the next term of court of the Court of Appeals at Jackson, which appeal is granted upon her taking the Pauper's Oath, and 30 days are allowed her to take said oath and 60 days within which to file her bill of exceptions."

It is contended by complainant that this ruling of the Circuit Court judge divested from her her 50% interest in

the 25% interest held by defendant in Kalm, Inc. and 50% of the 25% interest in Malco, Inc. held by him, and vested same in defendant. That is the sole question involved in this court on complainant's appeal.

Before answering this question, it will be necessary to dispose of some preliminary matters presented by motions of complainant and defendant, respectively. Complainant's one assignment of error filed in this Court is as follows:

"The Honorable trial court erred in the following ruling:

" 'It is, therefore, ordered, adjudged and decreed that the report of the Referee is sustained except as to the ruling as to the stock of Kalm, Inc., and Malco, Inc., the findings as to which is overruled and the complainant's aforesaid motions are sustained except insofar as stock in Kalm, Inc. and Malco, Inc. is concerned and the defendant's exceptions sustained insofar as stock is concerned.' "

The above assignment of error was filed in this Court August 2, 1963. On September 4, 1963, complainant filed a motion to amend her assignment of error, in which it is pointed out that the sufficiency of said assignment of error has been raised by defendant in error, and that counsel for plaintiff in error, desiring to comply with the rules of the court, that he be permitted to supplement same by adding,

"This was error because Mr. and Mrs. Lansing had originally agreed that the stock was to be owned jointly. This was error for the further reason that in so doing the court erred by sustaining the defendant's exceptions insofar as stock was concerned as said

exceptions were filed more than five days after the ruling of the referee in contravention of section 20-1407 Tennessee Code Annotated, Official Edition.''

On the same date, September 4, 1963, complainant filed an affidavit in this Court, which undertakes to inform this Court that underlying mortgages which secure some of the notes and other assets awarded to complainant as alimony are now in default, with the result that much of the award made in favor of complainant has greatly depreciated in value. Defendant thereafter, on October 11, 1963, filed a motion to strike the affidavit of Elizabeth Hinckley Lansing regarding alimony. This motion raises the question that the facts stated in the affidavit are not in the record, and, therefore, should not be considered by this Court. Both motions will be granted.

The affidavit of complainant cannot be considered, because same undertakes to inform the court as to matters which have occurred since the entry of the final decree in the lower court, and which, consequently, are not in the record before us. Defendant's motion to strike said affidavit is therefore well taken. On the other hand, complainant's motion to amend her assignment of error should be granted so that complainant's appeal to this court may be fully considered on its merits. Her assignment of error probably would have been sufficient without the amendment. It certainly would have presented, without amendment, complainant's contention that the exceptions to the Referee's report were filed too late.

Counsel for complainant contends that the trial judge was without power or authority to sustain the exception filed by defendant to the Referee's report

which divested out of complainant her undivided half interest in the stock of Kalm, Inc. and Malco, Inc., because such exception was not filed within five days as is required by Section 20-1407 T.C.A. It is conceded that the exception would have been in time if the cause had been tried in the Chancery Court, and the report involved that of the Master instead of a Referee provided for by sections 20-1401 to 20-1410 T.C.A. All divorce cases, even though tried in the Circuit Court, are treated, however, as Chancery cases, and, consequently, we think the trial judge was within his rights when he considered defendant's exception to the Referee's report. In any event, section 20-1407 T.C.A. must, in our opinion, be treated as directory, only. In determining whether a statute is directory or mandatory, the court should consider and ascertain the legislative intent from consideration of the entire statute, its nature and object, and whether the thing directed to be done is of essence of the thing required or is mere matter of form. Stiner v. Powell's Valley Hardware Co., 168 Tenn. 99, 75 S.W.(2d) 406. Also, generally, statutory provisions relating to the mode or time of doing the act to which the statute applies are not held to be ''mandatory'', but are ''directory'', only. Trapp v. McCormick, 175 Tenn. 1, 130 S.W.(2d) 122. On the merits of the controversy, itself, however, we think the learned trial judge erred in sustaining the exception of defendant. Aside from the fact that funds invested by defendant in stock in Kalm, Inc. and Malco, Inc. were derived from the sale of lots in the Lake Forrest Subdivision, title to which stood in complainant and defendant as tenants by the entireties, defendant, on March 26, 1960, swore to and had notarized an agreement which contained the following:

"I, Don Lansing, do hereby convey to my wife, Elizabeth H. Lansing, on the date of February 11, 1960 the right to joint stock holdings in any business or partnership or corporation, such stock being issued to Don Lansing and Elizabeth H. Lansing, as tenants by the entireties for the year of 1960, 1961, or any future date, such stock being derived by joint holding of real estate in Lake Forrest Subdivision."

The effect of the trial judge's sustaining of defendant's exception to the Referee's report was to divest out of complainant and vest in defendant complainant's one-half interest in the stock of Kalm Corporation and Malco, Inc. In this, we think the learned trial judge erred.

It results that complainant's Assignment of Error, as amended, will be sustained, and the decree of the trial judge reversed. The cause will be remanded to the Circuit Court of Shelby County, Tennessee, with directions to take necessary steps for obtaining for complainant her half interest in the stock of the Kalm, Inc. and Malco, Inc. The costs of appeal will be adjudged against the defendant, Don Kenneth Lansing.

Avery, P.J., (W.S.), and Carney, J., concur.