**STATE of Tennessee, Appellee,**

v.

**Donald Bruce JONES, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

Dec. 10, 1986.

Permission to Appeal Denied by Supreme Court March 9, 1987.

R. Bradley Sigler, Jackson, for appellant.

W.J. Michael Cody, Atty. Gen. and Reporter, Wm. Barry Wood, Asst. Atty. Gen., Nashville, Lloyd Rogers Tatum, Asst. Dist. Atty. Gen., Jackson, for appellee.

## OPINION

DWYER, Judge.

Appellant was convicted of the second degree murder of his teenage stepson, and sentenced to 25 years incarceration. He appeals of right raising issues challenging the sufficiency of the evidence, the court's instruction to the jury, the imposition of sentencing beyond the statutorily proscribed period, and the trial court's exclusion of the testimony of a defense witness.

The appellant contends that the evidence was insufficient to sustain the jury's guilty verdict of second degree murder. More specifically, he alleges that he killed the victim in self defense, and that the evidence preponderates in his favor.

■ On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable or legitimate inferences which may be drawn therefrom. *State v. Cabbage,* 571 S.W.2d 832, 836 (Tenn.1978). A verdict against the defendant removes the presumption of innocence and raises a presumption of guilt upon appeal, *State v. Grace,* 493 S.W.2d 474, 476 (Tenn.1973); *Anglin v. State,* 553 S.W.2d 616, 620 (Tenn.Crim.App.1977); *Williams v. State,* 552 S.W.2d 772, 776 (Tenn.Crim. App.1977), which the defendant has the burden of overcoming. *State v. Brown,* 551 S.W.2d 329, 331 (Tenn.1977).

■ A jury verdict approved by the trial court accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the State. *State v. Hatchett,* 560 S.W.2d 627, 630 (Tenn.1978); *State v. Townsend,* 525 S.W.2d 842, 843 (Tenn.1975). Where the sufficiency of the evidence is challenged, the relevant question for the appellate court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 2782, 61 L.Ed.2d 560 (1979); Tenn.R.App.P. 13(e).

In the case *sub judice,* the evidence clearly supports the jury's finding of guilt and discredits the defendant's self defense argument. Alice Jones, the defendant's wife and the victim's mother testified that the victim and the defendant had been having a continuous conflict about the victim eating food at the house. On at least one

prior occasion, the defendant had cut the victim on the arm during an argument. The witness stated that the defendant had threatened to kill the victim previously.

Ms. Jones testified that on the night in question the appellant was drinking heavily. A test of the appellant's blood taken later in the evening after the killing indicated that he had an approximately .204 blood alcohol content level. After the witness had retired for the evening, she was awakened by the victim complaining that the appellant had cut him. At that point, the witness and the victim proceeded out of the bedroom to the top of the stairs where they observed the appellant downstairs holding a knife. He had a furious expression on his face.

When the appellant started up the stairs, the victim fired a gun at him. Apparently, the appellant was struck by the bullet in the side of the face and he fled the home.

Approximately twenty minutes later Ms. Jones observed the appellant return to the house and state that he had just tried to kill the victim. Subsequently, Ms. Jones found the victim laying in front of a neighbor's house on the sidewalk.

From the testimony of numerous police officers who investigated the incident and other proof, the victim appeared to have been stabbed eleven times, including two wounds in the back. The appellant admitted stabbing the victim to several of the officers, and directed them to the location of the knife which he used.

Melinda Green testified that she saw the victim shortly after he was stabbed and that he advised her that appellant had stabbed him. From the testimony of an acquaintance of the victim, he had a pistol with him earlier in the evening at a high school fraternity party. A revolver was found near the victim's body. A post-mortem examination of the victim showed his blood alcohol level to be .05 percent.

In his own defense, appellant testified that the knifing was to prevent the victim from shooting him. Appellant further testified that the confrontation on the stairway was initiated by the victim and that appellant first stabbed him, at that point, only to prevent the victim from shooting appellant.

From the evidence, the jury could and did reasonably conclude that the appellant stabbed the victim with malice. Obviously, the jury rejected the appellant's self defense argument in view of the eleven stab wounds to the victim, two of which were in the back. Consequently, the appellant was found to be guilty of murder in the second degree, and the proof was sufficient to support the conviction. We cannot say on review that, in a light most favorable to the State, the evidence preponderates against appellant's guilt and in favor of his innocence. In essence, appellant has not carried the burden of proof on review as required by T.R.A.P. 13(e). This issue, therefore, is overruled.

Issue II. Appellant contends that the trial court's instruction to the jury regarding malice was improper. Since appellant failed to raise this issue in his motion for new trial, it is waived. T.R.A.P. 3(a).

Issue III. Appellant contends that he should not have been sentenced to 25 years incarceration in the State penitentiary because the sentencing hearing was not held within 30 days as required by T.C.A. § 40–35–209(a). With this we cannot agree for several reasons.

First, no prejudicial error requiring appellate reversal occurred with regard to this issue inasmuch as the delay in sentencing amounted to only three days. Secondly, it is the general rule in Tennessee that statutory provisions which relate to the mode or time of doing an act to which the statute applies are not to be mandatory, but directory only. *Trapp v. McCormick*, 175 Tenn. 1, 130 S.W.2d 122, 125 (1939); *Lansing v. Lansing*, 53 Tenn.App. 72, 78, 378 S.W.2d 786, 789 (1963); *Big Fork Mining Company v. Tennessee Water Quality Control Board*, 620 S.W.2d 515, 520 (Tenn. App.1981), *cert. denied* (Tenn.1981). Thirdly, without a showing by the appellant of resulting prejudice, any error must be harmless. This issue is overruled.

Issue IV. The appellant presented the Madison County Juvenile Court Clerk to testify as to specific acts of violence by the victim toward persons other than the appellant. The trial court excluded such testimony. Appellant contends such testimony should be admissible for the purpose of impeaching a State's witness who had testified as to the victim's reputation in the community for peacefulness.

■ While evidence of general reputation of the deceased for peacefulness and violence in the community is generally admissible, as is proof of specific acts of violence directed toward the defendant by the deceased if he asserts self defense, the law is well settled that specific acts of the deceased toward third persons are not admissible to show that he had a reputation for violence. *Chaffin v. State*, 209 Tenn. 590, 595–596, 354 S.W.2d 772 (1962); *State v. Reynolds*, 666 S.W.2d 476, 479 (Tenn. Crim.App.1984); *Henley v. State*, 520 S.W.2d 361, 363–364 (Tenn.Crim.App.1974). Therefore, the trial court did not err in excluding the testimony of the juvenile court clerk.

■ In any event, the general reputation of the deceased is at best an ancillary consideration. The more relevant consideration is the appellant's knowledge of the victim's propensity toward violence, and appellant's subjective concern for his own safety, based upon his own observations or what has been communicated to him. *See Williams v. State*, 565 S.W.2d 503, 505–506 (Tenn.1978). Therefore, we hold that any error by the trial court in excluding this testimony was harmless.

This issue is overruled, therefore, as are all others raised by the appellant. Accordingly, the judgment of the trial court is affirmed.

O'BRIEN and SCOTT, JJ., concur.