IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 8, 2003 Session

## AZIZA KLJAJIC v. MIRZET KLJAJIC

**An Appeal from the Circuit Court for Davidson County**
**No. 01D1572     Honorable Muriel Robinson, Judge**

_____

**No. M2002-01294-COA-R3-CV - Filed August 15, 2003**

_____

This case raises the question of jurisdiction over a nonresident, in a divorce filed by a Tennessee resident who also seeks custody of the parties' minor children, child support and attorney fees. We hold that the court has jurisdiction to grant the divorce and award custody but does not have jurisdiction to award child support or attorney fees.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part;**
**Reversed in Part; and Remanded**

ROYCE TAYLOR, Sp. J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and WILLIAM CAIN, J., joined.

Audrey L. Anderson, Nashville, Tennessee, for the appellant, Mirzet Kljajic

James G. King, Nashville, Tennessee, for the appellee, Aziza Kljajic

**OPINION**

The parties were married April 25, 1987 in Brijedor, Bosnia. They have two children, one born in 1988 and one in 1990. They immigrated to the United States and lived in Arizona until Aziza Kljajic (wife) moved to Tennessee with the children in May, 1999. The complaint for divorce was filed June 19, 2001, in Davidson County. An order granting a judgment by default was entered and Mirzet Kljajic (husband) made a limited appearance to set aside the default judgment and dismiss the complaint. Husband filed an affidavit in support of his motion to dismiss which indicated he had never been to the state of Tennessee and had no financial or other contacts with the state of Tennessee. The information in the affidavit was undisputed and consistent with wife's divorce complaint. Husband's motion was denied. Husband appeals from the final decree entered May 8, 2002.

The Divorce

The residence requirement for plaintiff in a divorce are set forth in T.C.A.§36-4-104(a).[1] The wife meets the requirements to file for divorce. She resided in this state more than six (6) months before filing her complaint and the complained of acts were committed out of this state. There is no requirement that the husband have any contact with the State of Tennessee.

Pursuant to T.C.A.§16-10-108[2], the circuit court has concurrent jurisdiction with the chancery court to grant divorces. "All divorce cases, even though tried in the Circuit Court, are treated, however, as Chancery cases..." *Lausing v. Lausing*, 378 S.W.2d 786, 789 (Tn. Apps. 1963). It follows that the statutes set forth in T.C.A. Title 21, *Proceedings in Chancery* apply to divorces in circuit court. T.C.A. §21-1-203(a)(1)[3] allows for personal service to be dispensed with when the defendant is a nonresident of this state. Although the husband was personally served, the court is not required to have personal jurisdiction over the husband in order to grant the wife a divorce. The husband now apparently concedes this issue by stating: "...states can determine the marital status of its domiciliaries via separation, divorce, and annulment decrees."[4]

Child Custody

The custody of the two children of this marriage is governed by the Uniform Child Custody Jurisdiction and Enforcement Act, T.C.A.§36-6-201 et. seq. This is the home state of the children as defined in T.C.A. §3-6-205(7)[5] and the trial court has jurisdiction pursuant to T.C.A. §36-6-216(a)(1)[6], to make an initial custody determination. The notice requirement in T.C.A. §36-6-

---

[1]T.C.A. §36-4-104(a) **Residence Requirements**.–(a) A divorce may be granted for any of the aforementioned causes if the acts complained of were committed while the plaintiff was a bona fide resident of this state or if the acts complained of were committed out of this state and the plaintiff resided out of the state at the time, if the plaintiff or the defendant has resided in this state six (6) months next preceding the filing of the complaint.

[2]T.C.A. §16-10-108**. Divorce-Adoption-Trustees**.-The circuit court has concurrent jurisdiction with the chancery court to grant divorces, to authorize the adoption of children, to release testamentary and other trustees, and to appoint trustees in place of those released or dead, and also to decree, on petitions of trustees, by will or otherwise, for the sale of property, real or personal.

[3]T.C.A. §21-1-203(a)(1) **Personal service dispensed with**.-(a) Personal service of process on the defendant in a court of chancery is dispensed with in the following cases: (1) When the defendant is a nonresident of this state;

[4]Brief for Appellant, p.3.

[5]T.C.A §36-6-205(7) **Definitions.**-"Home state" means the state in which a child lived with a parent or a person acting as a parent for at least six (6) consecutive months immediately before the commencement of a child custody proceeding. In the case of a child less than six (6) months of age, "home state" means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period;

[6]T.C.A. §36-6-216(a)(1) **Jurisdiction to make custody determination**.-(a) Except as otherwise provided in §36-6-219, a court of this state has jurisdiction to make an initial child custody determination only if: (1) This state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from this state but a parent or person
(continued...)

211(a)[7] was met since the court found that the husband had been personally served. The husband could have participated in the custody proceeding without being subject to the personal jurisdiction of this state pursuant to T.C.A. § 36-6-212(a)[8]. Since he did not participate, he cannot now complain about the initial determination which placed the children primarily with the mother.

Child Support

By definition in T.C.A. §36-6-205(3) a child custody determination in this type of interstate dispute "does not include an order relating to child support or other monetary obligation of an individual." The bases for exercising jurisdiction over a nonresident in a proceeding to establish support are set forth in T.C.A. §36-5-2201.[9]

In this case only the "catch all" provision of subsection (8) could apply. In a case interpreting a similar California statute, the United States Supreme Court found the provision to be inadequate to sustain a child support order where there were limited contacts with the State of California by the father. *Kulko v. Superior Court of California for San Francisco*, 436 U.S. 84 (1978). In this case the wife has cited no contacts which the husband had with this state. The trial court did not have any basis for personal jurisdiction over the husband to establish support or to require him to provide health/hospital insurance, pay uncovered medical bills, or provide life insurance. Likewise, since there is no personal jurisdiction the court cannot render judgment for attorney fees and costs.

---

[6](...continued)
acting as a parent continues to live in this state;

[7]T.C.A. §36-6-211(a) **Requirements for notice**.–(a) Notice required for the exercise of jurisdiction when a person is outside this state may be given in a manner prescribed by the law of this state for service of process or by the law of the state in which the service is made. Notice must be given in a manner reasonably calculated to give actual notice, but may be by publication if other means are not effective.

[8]T.C.A. §36-6-212(a). **Personal jurisdiction over a party–Immunity from jurisdiction for unrelated matters.**–(a) A party to a child-custody proceeding, including a modification proceeding, or a petitioner or respondent in a proceeding to enforce or register a child-custody determination, is not subject to personal jurisdiction in this state for another proceeding or purpose solely by reason of having participated, or of having been physically present for the purpose of participating, in the proceeding.

[9]T.C.A. §36-5-2201. **Bases for jurisdiction over nonresident**.-In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:
(1) The individual is personally served with notice within this state;
(2) The individual submits to the jurisdiction of this state by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction;
(3) The individual resided with the child in this state;
(4) The individual resided in this state and provided prenatal expenses or support for the child;
(5) The child resides in this state as a result of the acts or directives of the individual;
(6) The individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse;
(7) The individual asserted parentage in the putative father registry maintained in this state by the department of children's services; or
(8) There is any other basis consistent with the constitutions of this state and the United States for the exercise of Personal jurisdiction.

<u>Holding</u>

The judgment of the trial court is affirmed in granting a divorce to the wife and in making an initial custody determination. The trial court is reversed as to its order requiring payment of child support, health/hospital insurance, uncovered medical bills, life insurance, attorney fees and costs. This case is remanded to the trial court to allow the child support proceedings to be forwarded to a responding tribunal in another state pursuant to T.C.A. §36-5-2203.[10] Costs are assessed to the Appellee.

_____
ROYCE TAYLOR, SPECIAL JUDGE

---

[10]T.C.A. §36-5-2203. **Initiating and responding tribunal of state**.— Under parts 20-29 of this chapter, a tribunal of this state may serve as an initiating tribunal to forward proceedings to another state and as a responding tribunal for proceedings initiated in another state.