IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
March 9, 2004 Session

# WILLIAM ALEXANDER COCKE STUART v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2001-C-1658     Seth Norman, Judge**

---

**No. M2003-01387-CCA-R3-PC - Filed May 4, 2004**

---

The petitioner, William Alexander Cocke Stuart, pled guilty in the Davidson County Criminal Court to theft of property over $10,000 and received a five-year sentence to be served in split confinement. Subsequently, he filed a petition for post-conviction relief, alleging that he received the ineffective assistance of counsel and that his guilty plea was not knowing or voluntary. The post-conviction court, without holding an evidentiary hearing, dismissed the petition and the petitioner appealed. Upon review of the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Theodora A. Pappas, Nashville, Tennessee, for the appellant, William Alexander Cocke Stuart.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Paul DeWitt, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I.  Factual Background

The facts in the instant case are sparse. On February 5, 2002, the petitioner pled guilty to a charge of theft and received a sentence of split confinement. Later, on February 4, 2003, the petitioner timely filed a post-conviction petition, asking the court for relief. The petitioner alleged:

[1.] [The petitioner] did not effect a knowing and intelligent plea bargain agreement because of multiple material misrepresentations by his defense counsels.

[2.] Between September 2001 and February 2002, [the petitioner] repeatedly was denied effective legal assistance from Office Of Metropolitan Public Defender employees.

Also in his petition, the petitioner alleged, in nearly illegible handwriting, that he was "assured prior to his acceptance of the plea agreement by his attorney that he would be eligible to apply for judicial diversion under TCA 40-35-313 after [his] probation." Additionally, the petition noted that the petitioner, though acting pro se, was assisted by counsel in the filing of the post-conviction petition. The State did not file a response to the petition.

Thereafter, on March 14, 2003, the post-conviction court, without conducting an evidentiary hearing, entered an "opinion" dismissing the petition. The court stated:

> The petitioner made no mention of his intention to apply for judicial diversion under TCA 40-35-313 on the judgment, plea petition form or otherwise. . . . The petitioner signed these documents in open court, thereby, agreeing to their terms and effecting a conviction on his behalf. Furthermore, one is not entitled to judicial diversion as a matter of right. . . . Never was the petitioner guaranteed the right to enjoy the benefits of judicial diversion. Petitioner's acceptance of the plea agreement, which was quite favorable, substantially undermined his complaint of ineffective assistance of counsel.

Finally, the post-conviction court dismissed the petition, finding that the petitioner "failed to prove that counsel's representation fell below the requisite standard demanded of defense attorneys in criminal cases." The petitioner appeals this decision.

## II. Analysis

The Post-Conviction Procedure Act of 1995 provides that a post-conviction petition must be filed with the clerk of the court in which the conviction occurred. See Tenn. Code Ann. § 40-30-104(a) (2003). "The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds." Tenn. Code Ann. § 40-30-106(d) (2003). A bare allegation that a constitutional right has been violated and mere conclusions of law will not be sufficient to warrant further proceedings. Id. Moreover, failure to state a factual basis for the grounds alleged will result in immediate dismissal of the petition. Id. In the event of a dismissal, the trial court shall file an order dismissing the petition within thirty days of the filing of the petition. See Tenn. Code Ann. § 40-30-106(a). The order of dismissal shall set

forth the court's conclusions of law.  See Tenn. Code Ann. § 40-30-106(f).  We will review the post-conviction court's determinations de novo.  See Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002).

## A.  Timeliness of Dismissal

Initially, the petitioner complains that the post-conviction court filed its "opinion" denying his petition more than thirty days after the filing of the petition, in contravention of Tennessee Code Annotated section 40-30-106(a).  The State concedes that the post-conviction court did not take action on this case until thirty-eight days after the petition was filed, but it argues that the petitioner has not alleged that he suffered any prejudice by the delay.  We agree with the State.

In State v. Jones, 729 S.W.2d 683, 685 (Tenn. Crim. App. 1986), this court determined that the defendant was not entitled to relief because the trial court failed to conduct a sentencing hearing withing thirty days as required by statute.  Specifically, we explained that "it is the general rule in Tennessee that statutory provisions which relate to the mode or time of doing an act to which the statute applies are not to be mandatory, but directory only."  Id.  Moreover, "without a showing by the [petitioner] of resulting prejudice, any error must be harmless."  Id.  This court has previously applied this rationale in the context of a post-conviction court's untimely filing of a dismissal order.  See George Thurman Haynie, Jr. v. State, No. M2001-01522-CCA-R3-PC, 2002 WL 464822, at *7 (Tenn. Crim. App. at Nashville, Mar. 26, 2002); Loring C. Warner v. State, No. 03C01-9610-CR-00407, 1998 WL 22072, at *3 (Tenn. Crim. App. at Knoxville, Jan. 23, 1998); Russell Strader, Jr. v. State, No. 03C01-9611-CC-00433, 1998 WL 6932, at *5 (Tenn. Crim. App. at Knoxville, Jan. 8, 1998).

In the instant case, there is no question that the post-conviction court exceeded the thirty-day guideline for preliminary consideration.  However, the petitioner does not specifically allege any resulting prejudice from the untimely dismissal.  Accordingly, because the petitioner has failed to allege prejudice, we conclude that the petitioner is entitled to no relief on this issue.  Next, we will address the post-conviction court's dismissal of the petition on the merits.

## B.  Dismissal without Evidentiary Hearing

In Burnett v. State, 92 S.W.3d 403, 406 (Tenn. 2002), our supreme court explained the process which a post-conviction court should use to determine whether a post-conviction petition should be dismissed without a hearing.  First, the post-conviction court should consider the petition to determine whether the petition asserts a colorable claim.  Id.  A colorable claim is "'a claim that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction Procedure Act.'"  Id.; (quoting Tenn. Sup. Ct. R 28 § 2(H)).  If the facts alleged, taken as true, do not state a colorable claim, the petition should be dismissed.  See Tenn. Code Ann. § 40-30-106(f); see also Waite v. State, 948 S.W.2d 283, 284 (Tenn. Crim. App. 1997).  When determining if a colorable claim has been presented, pro se petitions should be held to less stringent standards than formal pleadings drafted by lawyers.  See Allen v. State, 854 S.W.2d 873, 875 (Tenn. 1993).  "If the availability of relief cannot be conclusively determined from a pro se petition and the

accompanying records, an appellant must be given the aid of counsel." Billy Joe Henderson v. State, No. E2001-00438-CCA-R3-PC, 2001 WL 1464544, at *1 (Tenn. Crim. App. at Knoxville, Nov. 19, 2001). In the instant case, we cannot determine when counsel was appointed to assist the petitioner.[1] Notably, the record also does not reflect that an amended petition was ever requested or filed. See Tenn. Code Ann. § 40-30-106(d) and (e).

In its opinion dismissing the petition, the post-conviction court stated that the petitioner "failed to prove that counsel's representation fell below the requisite standard demanded of defense attorneys in criminal cases." However, the petitioner was not required to "prove" any claim in his petition; instead, the petitioner needed only to allege a colorable claim. See Shazel v. State, 966 S.W.2d 414, 415-16 (Tenn. 1998) ("There obviously is an important distinction between the right to *seek* relief in a post-conviction proceeding and the right to *have* relief in a post-conviction proceeding."). Ordinarily, the petitioner would be required to prove his claims by clear and convincing evidence at an evidentiary hearing. However, a hearing did not take place in the instant case. Moreover, we note that the post-conviction court's opinion contained factual findings, not merely conclusions of law. Such factual findings should not have been made in the absence of an evidentiary hearing. See Charlton v. State, 987 S.W.2d 862, 865 (Tenn. Crim. App. 1998) (stating that "[t]he preliminary stage is not the appropriate forum for adjudication of the facts of the case").

The post-conviction court appears to have dismissed the petition after determining that the petitioner would be unable to prevail following an evidentiary hearing. See Roosevelt Malone v. State, No. E2002-00782-CCA-R3-PC, 2003 WL 21145488, at *2 (Tenn. Crim. App. at Knoxville, May 16, 2003). The ultimate success or failure of a petitioner's claims is not a proper basis for dismissing a post-conviction petition without conducting an evidentiary hearing. Id.; see also Tenn. Code Ann. § 40-30-106(b)-(d). The petitioner alleged that his counsel was ineffective and that his guilty plea was not knowingly or voluntarily entered, both of which are colorable grounds for post-conviction relief. Moreover, the petitioner factually supported his claims by alleging that he was "assured prior to his acceptance of the plea agreement by his attorney that he would be eligible to apply for judicial diversion under TCA 40-35-313 after [his] probation." Accordingly, the post-conviction court should not have dismissed the petition at this stage. See Waite, 948 S.W.2d at 285; Amin Shabazz v. State, No. M2002-01302-CCA-R3-PC, 2003 WL 354511, at *2 (Tenn. Crim. App. at Nashville, Feb. 14, 2003).

### III. Conclusion

---

[1] The record reflects that the post-conviction court entered an order on August 27, 2003, relieving the petitioner's counsel, Nicholas D. Hare, from representing the petitioner. The court appointed Theodora A. Pappas as the petitioner's "attorney of record." Additionally, in an affidavit submitted to this court, Pappas stated that Hare represented the petitioner at his guilty plea, but he left private practice and Pappas was appointed as the petitioner's counsel. On October 20, 2003, Pappas received notice that an appellate record had been filed in the petitioner's case. That same day, she contacted the Appellate Court Clerk's Office and learned that the petitioner had filed a pro se post-conviction petition and that she had been appointed as his counsel.

Based upon the foregoing, we reverse the judgment of the post-conviction court and remand for further proceedings in accordance with the 1995 Post-Conviction Procedure Act.

_____

NORMA McGEE OGLE, JUDGE