# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### December 15, 2004 Session

## DESHAUN FLY SMITH v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 96-A-155     Randall J. Wyatt, Judge**

---

**No. M2004-00719-CCA-R3-PC - Filed February 25, 2005**

---

On appeal, the petitioner avers that the post-conviction court erred in: (1) failing to rule on post-conviction counsel's motion to withdraw prior to ruling on the post-conviction petition; (2) dismissing the petition summarily; and (3) dismissing the post-conviction petition in an untimely manner. Upon review, we conclude that the post-conviction court properly dismissed the petition without an evidentiary hearing and that the delay in the disposition of the petition did not prejudice the petitioner. We affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JERRY L. SMITH and NORMA MCGEE OGLE, JJ., joined.

Mark E. Chapman, Nashville, Tennessee, for the appellant, Deshaun Fly Smith.

Paul G. Summers, Attorney General and Reporter; David E. Coenen, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Tom Thurman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts and Procedural History

Following a jury trial, the petitioner, DeShaun Fly Smith, was convicted of one count of premeditated first degree murder and two counts of attempted first degree murder. The defendant received a life sentence for the murder conviction and two twenty-five-year sentences for the attempted first degree murder convictions. The latter sentences were ordered concurrent with one another, but consecutive to the life sentence. The petitioner then filed a motion for new trial, which was denied by the trial court in January 1998. On direct appeal, this Court affirmed the convictions.

<u>State v. Shaun Fly Smith</u>, No. M1997-00087-CCA-R3-CD, 1999 Tenn. Crim. App. LEXIS 1276 (Tenn. Crim. App., at Nashville, Dec. 17, 1999), <u>perm. to appeal denied</u> (Tenn. 2000).

In October 2001, the petitioner filed a *pro se* petition for post-conviction relief. Following appointment of counsel, an amended petition was filed on July 10, 2002. The petition enumerated the following claims:

1) The State used evidence gained as a result of the unlawful search and seizure of the home of Vira Ashby;
2) The State's attorney unconstitutionally failed to disclose to the defense evidence which was favorable to the petitioner;
3) The grand and petit juries were unconstitutionally selected and impaneled;
4) The petitioner was denied the effective assistance of counsel by counsel's failure to properly prepare the defense or to object to the introduction into evidence of improper evidence;
5) Newly discovered evidence would tend to exonerate the petitioner or mitigate his alleged role in the offense;
6) The State used illegal evidence against the petitioner at trial; and
7) The petitioner was denied a fair trial as a result of his counsel's failure to properly investigate the case and to introduce and discover evidence favorable to him and by allowing the case to proceed to trial without proper investigation, resulting in the conviction of an innocent man.

On July 26, 2002, the State filed its response, requesting that the petition be dismissed for failure to state a claim within the purview of the Post-Conviction Relief Act, which had not been waived or previously determined.

Over the twenty-eight months between the filing of the original petition and the court's disposition, the petitioner was represented by six different counsel, each one withdrawing for difficulties in representing the petitioner. On December 4, 2003, the most recently appointed counsel sought to be relieved from representing the petitioner due to the extreme demands and demeaning treatment he received from the petitioner. On February 18, 2004, before ruling on counsel's motion to withdraw, the post-conviction court summarily dismissed the post-conviction petition, noting that each claim was either waived or had been previously determined. The motion to withdraw was subsequently denied by the court.

On appeal, the petitioner avers that the post-conviction court erred in not ruling on post-conviction counsel's motion to withdraw prior to its disposition of the post-conviction petition, that the court erred in dismissing the petition without an evidentiary hearing, and that the court was not timely in its dismissal of the petition for post-conviction relief. Upon reviewing the record, briefs, and applicable law, we conclude that the post-conviction court properly dismissed the petition

without an evidentiary hearing and that the delay in the disposition of the petition did not prejudice the petitioner. As such, we affirm the post-conviction court.[1]

## Issue One

The petitioner initially contends that the post-conviction court erred in failing to rule on counsel's motion to withdraw prior to denying the post-conviction petition. Relying on a theory akin to estoppel, the petitioner argues that fundamental fairness mandated that he be forewarned that no other counsel would be appointed and that the court's disposition of his petition was forthcoming.

Upon reviewing the record, we note that six attorneys have been appointed to represent the petitioner in this matter over the last three plus years. In fact, the record reflects, and the post-conviction court noted, that the State's response had been pending since July 26, 2002. We do not agree, as the petitioner argues, that the court's patience should be further taxed simply because it had generously allowed for amended filings by the petitioner and his various counsel up to the time of disposition.

We conclude that the post-conviction court was well within its authority to consider the petition, which had not been amended since July 2002, and to determine, "if the factual allegations, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined." Tenn. Code Ann. § 40-30-106(f) (2004). Upon so doing, the court found that all issues had been previously determined or waived and properly dismissed the petition. We find no error in the post-conviction court's dismissal of the petition prior to ruling on counsel's motion to withdraw.

## Issue Two

Next, the petitioner contends that the post-conviction court erred in summarily dismissing the post-conviction petition because his petition presented a "colorable claim." However, upon reviewing the record, we agree with the post-conviction court that all claims presented by the petitioner were either previously determined or waived. As such, we hold that the post-conviction court did not err in summarily dismissing the petition.

In order to obtain post-conviction relief, a petitioner must demonstrate that their conviction or sentence is void or voidable because of the abridgment of any constitutional right. Tenn. Code Ann. § 40-30-103 (2004). The petitioner bears the burden of proving, by clear and convincing evidence, the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-110(f) (2004). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). Those findings of fact are afforded the weight of a jury verdict, and this Court is bound by the findings unless the

---

[1] We have taken judicial notice of documents contained in the file which were not included in the record before this Court.

evidence in the record preponderates against those findings. <u>Henley v. State</u>, 960 S.W.2d 572, 578 (Tenn. 1997); <u>Alley v. State</u>, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or reevaluate the evidence nor substitute its inferences for those drawn by the post-conviction court. <u>State v. Honeycutt</u>, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely *de novo* standard with no presumption of correctness. <u>Fields v. State</u>, 40 S.W.3d 450, 458 (Tenn. 2001).

> Upon receipt of a proper or amended petition, the post-conviction court,
> [S]hall examine the allegations of fact in the petition. If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, <u>the petition shall be dismissed</u>. The order of dismissal shall set forth the court's conclusions of law.

Tenn. Code Ann. § 40-30-106(f) (2004) (emphasis added). A ground is previously determined if "a court of competent jurisdiction has ruled on the merits after a full and fair hearing. A full and fair hearing has occurred where the petitioner is afforded the opportunity to call witnesses and otherwise present evidence, regardless of whether the petitioner actually introduced evidence." Tenn. Code Ann. § 40-30-106(h) (2004). Moreover, a ground is waived if:

> [T]he petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented unless:
> (1) The claim for relief is based upon a constitutional right not recognized as existing at the time of trial if either the federal or state constitution requires retroactive application of that right; or
> (2) The failure to present the ground was the result of state action in violation of the federal or state constitution.

Tenn. Code Ann. 40-30-106(g) (2004).

Assessing each claim individually, in grounds one and six, the petitioner contends that illegal evidence was introduced at trial. Specifically, the petitioner challenged the admission of guns which, he contends, were seized illegally from the home of Vira Ashby, and a gun seized from the hotel room in which he was apprehended. As concerning the evidence obtained from the Ashby home, we note that this Court ruled on the relevance of this evidence on direct appeal, holdign that it was more probative than prejudicial. Therefore, any additional allegations raised in this proceeding are waived for failure to assert them on direct appeal. Regarding the evidence seized from the hotel, we conclude that this issue was waived for failure to raise it on direct appeal. As such, the post-conviction court did not err in dismissing these issues.

In ground two, the petitioner asserts that the State did not properly disclose evidence favorable to the defense. However, we agree with the post-conviction court that this claim has been previously determined, as it was raised and denied in the petitioner's motion for new trial. Further, the petitioner has waived the issue for failure to raise it on direct appeal. Finally, we note that this is merely a bare allegation, without any stated factual support. Therefore, we conclude that the post-conviction court's dismissal of this issue was not in error.

In ground three, the petitioner alleges that the grand and petit juries were unconstitutionally selected and impaneled. More specifically, he avers that, one juror knew the petitioner and his family, but lied about that knowledge; that the jury was improperly impaneled in Nashville due to the publicity surrounding the case; that the jury should have been instructed that Arnette Hayes could have been charged as an accomplice; and that the jury instructions unfairly lessened the standard of reasonable doubt.

Addressing the contentions in order, we first conclude that the issue concerning the untruthful juror was raised and denied in the motion for new trial; therefore, it has been previously determined. Additionally, the petitioner failed to raise the issue on direct appeal; therefore, it has been waived. As to the issue of venue, we again note that this issue was previously determined when it was raised in the petitioner's motion for new trial and denied by the trial court. Moreover, the petitioner again failed to raise the issue on direct appeal; therefore, it has been waived. Regarding the instruction of accomplice liability, we conclude that this issue was previously determined on direct appeal, as this Court found that the issue was waived for failure to make a timely objection at trial. Shaun Fly Smith, 1999 Tenn. Crim. App. LEXIS 1276, at *23 and 25. As to the final contention, concerning the reasonable doubt jury instruction, we conclude that the issue was raised and denied in the motion for new trial. Moreover, the petitioner has waived this issue as a claim for post-conviction relief by failing to present it on direct appeal.

In grounds four and seven, the petitioner asserts claims of ineffective assistance of counsel; specifically, he avers that counsel failed to properly prepare the defense, failed to object to the introduction of improper evidence, and failed to properly investigate the case. However, the issue of ineffective assistance was litigated and resolved against the petitioner on direct appeal. Because ineffective assistance of counsel constitutes a "single ground for relief," we agree with the post-conviction court that this issue has been previously determined and may not be relitigated, despite the fact that the petitioner has presented different factual bases for his claim. See Thompson v. State, 958 S.W.2d 156, 161 (Tenn. Crim. App. 1997). Moreover, as the post-conviction court pointed out, the additional allegations presented in the post-conviction petition are waived because they were not raised on direct appeal.

In ground five, the petitioner alleged that newly discovered evidence, specifically the testimony of Derrick Sawyers, would tend to exonerate him or mitigate his role in the offense. Again, upon reviewing the record, we agree that this issue has been previously determined because it was raised and denied in the petitioner's motion for new trial.[2] Moreover, as the post-conviction court noted, the petitioner failed to state facts supporting that this evidence was newly discovered or that it would have been beneficial to the defense. As such, we find no error in the post-conviction court's dismissal of this issue.

---

[2] In his third amended motion for new trial, the petitioner asserted that two individuals possessed newly discovered evidence, but only produced one individual, Fernando Rheems, at the hearing.

<u>Issue Three</u>

Finally, the petitioner avers that the post-conviction court filed its order more than thirty days after the filing of the amended petition, in contravention of Tennessee Code Annotated section 40-30-106(a). He further avers that this "pattern of relaxing time constraints" rendered the dismissal of his petition surprising and prejudicial. In recently addressing this issue, this Court noted that, "statutory provisions which relate to the mode or time of doing an act to which the statute applies are not to be mandatory but directory only." <u>William Alexander Cocke Stuart v. State</u>, No. M2003-01387-CCA-R3-PC, 2004 Tenn. Crim. App. LEXIS 405, at *5 (Tenn. Crim. App., at Nashville, May 4, 2004) (quoting <u>State v. Jones</u>, 729 S.W.2d 683, 685 (Tenn. Crim. App. 1986)). This Court further stated that, absent prejudice to the petitioner, any resulting error "must be harmless." <u>Id.</u>

Initially, we note that the post-conviction court did indeed file its order outside the statutory time period. However, contrary to the petitioner's argument, we do not view the court's actions as prejudicial to the petitioner. The record reflects that the time lapse afforded the petitioner multiple opportunities to amend his petition via various counsel appointed by the court; however, the petitioner failed to seize these opportunities. As such, we conclude that the post-conviction court's failure to comply with the statutory time period did not prejudice the petitioner; thus, any existing error would be harmless.

<u>Conclusion</u>

Based on the foregoing, and the record as a whole, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE