IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1997 SESSION

FILED

January 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RUSSELL STRADER, JR., | * | C.C.A. NO. 03C01-9611-CC-00433 |
| APPELLANT, | * | RHEA COUNTY |
| VS. | * | Hon. Paul A. Swafford, Jr., Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| APPELLEE. | * | |
| | * | |

For Appellant:

Russell Strader, Jr.
Pro Se
No. 093164
M.C.R.C.F., P.O. Box 2000
Wartburg, TN  37887-2000

For Appellee:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN  37243-0493

Timothy F. Behan
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN  37243-0493

J. Michael Taylor
District Attorney General
Third Floor
First American Bank Building
Dayton, TN  37321

OPINION FILED: _____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The petitioner, Russell Strader, Jr., appeals the trial court's dismissal of his petition for post-conviction relief. He presents the following issues for our review:

> (I) whether the trial court erred by dismissing the petition because all of the issues raised had been waived or previously determined; and

> (II) whether the trial court committed certain procedural errors under the new Post-Conviction Procedure Act which require a remand.

We affirm the judgment of the trial court.

The petitioner was convicted of aggravated sexual battery and first degree burglary. The trial court imposed consecutive, Range II sentences of sixteen and ten years respectively. On June 2, 1993, our court affirmed the judgment. State v. Russell Strader, Jr., No. 03C01-9206-CR-00217 (Tenn. Crim. App., at Knoxville, June 2, 1993). An application for appeal to the supreme court was denied on October 4, 1993. On May 2, 1996, the petitioner filed a timely pro se petition for post-conviction relief alleging the following grounds for relief:

> (a) impermissibly suggestive identification procedures;

> (b) ineffective assistance of trial counsel;

> (c) prosecutorial misconduct; and

> (d) the imposition of consecutive sentences.

Several months later, the trial court granted a motion by the state to dismiss.

I

Initially, the petitioner claims that the trial court erred by determining that all grounds had been either waived or previously determined. We cannot

2

agree.

"A ground for relief is previously determined if a court of competent jurisdiction has ruled on the merits after a full and fair hearing." Tenn. Code Ann. § 40-30-206(h). A "full and fair hearing" occurs if the "petitioner is given the opportunity to present proof and argument on the petition for post-conviction relief." House v. State, 911 S.W.2d 705, 714 (Tenn. 1996) (footnote omitted). See Tenn. Code Ann. § 40-30-206(h).

Under the Post-Conviction Procedure Act, waiver occurs if "the petitioner personally or through an attorney failed to present [the ground] for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Tenn. Code Ann. § 40-30-206(g). "Waiver in the post-conviction context is to be determined by an objective standard under which a petitioner is bound by the action or inaction of his attorney." House, 911 S.W.2d at 714 (footnote omitted).

As to the suggestive identification claim, the petitioner contends that he was the only individual in the photo lineup who wore a t-shirt decorated with animal forms. On direct appeal, however, the petitioner argued his trial counsel was ineffective for failing to challenge the pretrial identification. This court ruled as follows:

> Counsel viewed the photographic array presented to the victim prior to the trial. This evidence was not introduced during the trial. When the trial judge saw the photographs introduced into evidence, he commented that the features of the people depicted in the photographs were quite similar. This Court reached the same conclusion after viewing a copy of the photographs. Thus, challenging the pretrial identification procedure would have been an effort in futility. The pretrial identification made at the preliminary hearing was

3

> also within proper bounds. It was not suggestive.
> Counsel is not required to pursue frivolous issues.

Strader, slip op. at 12 (emphasis added). While the prior claim was made in the context of ineffective assistance, this court has already determined that the photographic lineup was not impermissibly suggestive. The substantive issue, therefore, has been previously determined. Tenn. Code Ann. § 40-30-206. If we consider this issue standing alone and not as part of the prior claim of ineffective assistance, we must also hold that the issue has been waived. Id. It is not permissible for a defendant in a criminal prosecution to object to the introduction of evidence at trial on one ground and then later, in a post-conviction claim, assert the same objection on a different basis. State v. Miller, 668 S.W.2d 281, 285 (Tenn. 1984).

The petitioner also alleged in this proceeding that his counsel was ineffective at trial in other ways. In our view, this contention has been previously determined. On direct appeal, the petitioner argued as follows:

> [R]etained counsel (a) did not adequately confer with him prior to trial, (b) did not adequately investigate a potential alibi defense, (c) did not interview the victim or the investigating officer, (d) did not properly challenge the victim's identification ..., (e) did not properly use the statements made by the victim during his cross-examination of her, (f) did not object to prejudicial hearsay testimony related by Deputy Cranfield, and (g) did not advise the appellant of changes in the law under which he was sentenced.

Strader, slip op. at 9. This court considered the claims in detail in its prior opinion and then ruled that the level of service was in compliance with professional guidelines. Id. at 13. Ineffective assistance of counsel is generally a single ground for relief under the post-conviction statute. Cone v. State, 927 S.W.2d 579, 581-82 (Tenn. Crim. App. 1995). "'[T]he fact that such violation may be proved by multiple acts or omissions does not change the fact that there remains only one ground for

4

relief.'" Frank McCray v. State, No. 01C01-9108-CR-00255, slip op. at 10 (Tenn. Crim. App., at Nashville, Sept. 11, 1992) (quoting William Edward Blake v. State, No. 1326, slip op. at 3 (Tenn. Crim. App., at Knoxville, Mar. 19, 1991)). A petitioner may not relitigate previously determined grounds for relief by presenting additional factual allegations. Cone, 927 S.W.2d at 581-82. Thus, we must consider this ground as having been previously determined on the direct appeal. Tenn. Code Ann. § 40-30-206.

The petitioner has also alleged three counts of prosecutorial misconduct. His initial claim is as follows:

> The prosecutor failed to make available for inspection by counsel for petitioner, color photo[s] used in the photo-array presented to Ms. Scoggins, in violation of the Brady rule .... Further, prosecutor continued to deny access to the original color photo[s] on motion for new trial, and did not produce the original photo[s] in court, after being requested to do so, thereby causing the court to base it[s] decision on poor quality, black and white photocopies.

This contention has also been waived. The pleadings confirm that the petitioner knew about this possible Brady violation during the motion for new trial and on direct appeal. By failing to raise this issue at either of those times, the petitioner waived the issue. Tenn. Code Ann. § 40-30-206. A second claim of misconduct is that the prosecutor "elicited ... improper testimony from police officials." Because this issue was clearly available on direct appeal but was not pursued, this issue has been waived. Id.

The petitioner also argues prosecutorial misconduct in that the prosecutor "actually made the in-court identification of the petitioner as [the victim's] assailant." Our court rejected this issue on direct appeal: "if the conduct of the assistant district attorney general constituted error, it was harmless ...." Strader, slip

op. at 7.  Thus, this issue qualifies as having been previously determined.  Tenn. Code Ann. § 40-30-206.

Finally, the petitioner argues that the consecutive sentences (1) are excessive and (2) constitute cruel and unusual punishment.  On direct appeal, the petitioner challenged and our court affirmed the imposition of consecutive sentences:

> Based upon a review of the record, the trial court properly ordered the sentences to be served consecutively. ... [T]he appellant's lengthy history of prior convictions and criminal behavior illustrates that the appellant refuses or is unwilling to conform his conduct to that of a lawful and productive citizen. ... [H]e has become more dangerous and brazen as time has progressed.  As a result, a lengthy sentence is needed to protect the citizens of this state from the appellant.
> This issue is without merit.

Strader, slip op. at 8.  Thus, the claim that the sentences are excessive has been previously determined.  Tenn. Code Ann. § 40-30-206.

The failure to argue on direct appeal that the sentences were cruel and unusual constitutes a waiver of that particular challenge to the imposition of consecutive sentences.  Id.  A waiver occurs when the "petitioner personally or through an attorney fail[s] to present [the ground] for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented."  Tenn. Code Ann. § 40-30-206(g).  Our research indicates that challenges to sentencing based on cruel and unusual punishment trace back to at least 1910, when the Supreme Court ruled that the prohibition against cruel and unusual punishment requires that "punishment for crime should be graduated and proportioned to [the] offense."  Weems v. United States, 30 S. Ct. 544, 549 (1910).  Thus, the claim of cruel and unusual punishment was available to the petitioner and "could have been presented" on direct appeal.  Tenn. Code Ann. § 40-30-206(g).

6

The failure to do so constitutes a waiver. Id.

In summary, all of the issues in the petition have either been waived or previously determined. That determination leads us to the inevitable conclusion that the trial court did not err by dismissing the petition. "If the facts alleged, taken as true, fail to show that the petitioner is entitled to relief or fail to show that the claims for relief have not been waived or previously determined, the petition shall be dismissed." Tenn. Code Ann. § 40-30-206(f). A colorable claim is "'one that alleges facts showing that the conviction resulted from an abridgment of a constitutional right and which demonstrates that the ground for relief was not previously determined or waived.'" Waite v. State, 948 S.W.2d 283, 284-85 (Tenn. Crim. App. 1997) (quoting Hugh Ronald Carmley v. State, No. 03C01-9305-CR-00167, slip op. at 6 (Tenn. Crim. App., at Knoxville, Jan. 13, 1994)). Because this petition failed to state a colorable claim, there was no error in dismissing it.

Nor did the trial court err by failing to appoint counsel. The trial court may dismiss without appointing counsel "when ... the petition does not include a possible ground for relief." Waite, 948 S.W.2d at 284. If it "'appears beyond doubt that the [petitioner] can prove no set of facts in support of his claim which would entitle him to relief,'" the petition may be summarily dismissed. Id. at 285 (quoting Swanson v. State, 749 S.W.2d 731, 734 (Tenn. 1988)) (alteration in original). By the terms of Tenn. Code Ann. § 40-30-206, "the trial court was obligated to review the petition and dismiss it without hearing or appointment of counsel if the allegations in the petition failed to show that any claims for relief have not been previously waived or determined." Hobert Reece v. State, No. 03C01-9605-CC-00190, slip op. at 3 (Tenn. Crim. App., at Knoxville, May 14, 1997). In our view, the trial court did not err by dismissing the petition.

7

II

The petitioner next contends the trial court made certain procedural errors under the new Post-Conviction Procedure Act. First, he complains that the trial court erred by not reviewing his petition within thirty days and determining whether it contained a colorable claim. The petitioner correctly notes that Tenn. Code Ann. § 40-30-206(a) provides as follows:

> The trial judge to whom the case is assigned shall, within thirty (30) days of the filing of the original petition, ... examine it together with all the files, records, transcripts, and correspondence relating to the judgment under attack, and enter an order in accordance with the provisions of this section or § 40-30-207.

Despite this requirement, by October of 1996 no action had been taken on the petition, which was filed in May of 1996. On October 7, 1996, the petitioner filed a petition for writ of mandamus. Two days later, the state filed a motion to dismiss. Within a week, the trial court entered an order dismissing the petition because each issue had been previously determined or waived. The petitioner argues that because the trial judge failed to comply with this provision, "sanctions" are appropriate.

In State v. Jones, 729 S.W.2d 683, 685 (Tenn. Crim. App. 1986), the defendant complained because the trial court did not conduct a sentencing hearing within the thirty days required by statute. Our court ruled that the accuracy of the claim did not mean the defendant was entitled to substantive relief: "it is the general rule in Tennessee that statutory provisions which relate to the mode or time of doing an act to which the statute applies are not to be mandatory, but directory only." Id. This general rule is especially applicable where there is no "showing of prejudice." Big Fork Mining Co., v. Tennessee Water Quality Control Bd., 620 S.W.2d 515, 521 (Tenn. App. 1981). The same rationale would apply here. There has been no showing that the petitioner was prejudiced by the trial court's failure to act within the

8

time frame required by the statute.  This issue is without merit.

Next, the petitioner claims that the trial court erred by allowing the state to file its motion to dismiss before entering a preliminary order.  If the trial court had entered a preliminary order, the state would have thirty days to respond to the petition.  Section 40-30-208(a), Tenn. Code Ann., provides that "the district attorney general shall represent the state and file an answer ... within thirty (30) days."  Also, our Supreme Court Rules provide the "state shall file an answer or motion to dismiss within thirty (30) days of the preliminary order."  Tenn. Sup. Ct. Rule 28, § 6(C)(6).  In that regard, the state's motion to dismiss may have been premature; the new Act contemplates that the state is not required to file an answer until after the preliminary order is entered.

Nevertheless, the petitioner was not harmed by the state's filing the motion to dismiss before the trial court entered a preliminary order or dismissed the case.  The pleading was merely superfluous.  The trial court was required by statute to dismiss the petition at the preliminary stage whether a response had or had not been filed by the state.  Tenn. Code Ann. § 40-30-206.

Accordingly, the judgment of the trial court is affirmed.

_____
Gary R. Wade, Judge

CONCUR:


_____
David H. Welles, Judge


_____
Jerry L. Smith, Judge