**Jennifer KELLY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Court of Criminal Appeals of Tennessee, at Jackson.

March 7, 2000.

---

Patrick F. Martin, Hardee, Martin, Jaynes & Ivy, P.A., Jackson, TN, for appellant.

Paul G. Summers, Attorney General and Reporter, and J. Ross Dyer, Assistant Attorney General, Nashville, TN; Al Earls, Assistant District Attorney General, Jackson, TN, for appellee.

## OPINION

OGLE, Judge.

The petitioner, Jennifer Kelly, appeals the denial by the Madison County Circuit Court of her petition for habeas corpus relief on April 27, 1999. Specifically, the petitioner challenges the execution of a five day sentence of incarceration more than four years after her conviction of driving under the influence in violation of Tenn.Code Ann. § 55–10–401 (1993). She asserts both that her sentence has expired and that requiring service of her sentence at this time would violate principles of due process contained in the Tennessee and

United States constitutions. Following a review of the record and the parties' briefs, we conclude that the instant petition should be treated as one for post-conviction relief, and the petitioner's claim is not barred by the applicable statute of limitations. Accordingly, we reverse the trial court's dismissal of the instant petition and grant the petitioner post-conviction relief from the execution of her sentence.

## I. Factual Background

On May 27, 1994, the petitioner pled guilty to one count of driving under the influence. The trial court sentenced the petitioner to eleven (11) months and twenty-nine (29) days in the Madison County Jail or Workhouse. The trial court suspended all but five days of the petitioner's sentence, placing the petitioner on probation for the remaining eleven months and twenty-four days. Additionally, the judgment of conviction ordered the petitioner to report to the Madison County Jail immediately to commence service of her five day sentence of incarceration.

Accordingly, on the day of her plea of guilt, the petitioner reported to the jail but was informed by the Madison County Sheriff's Department that she could not serve her sentence at that time due to overcrowding of the jail. During the ensuing years, the petitioner inquired at the Sheriff's Department on "numerous occasions" concerning the service of her five day sentence of incarceration, but was repeatedly turned away due to overcrowding. It is undisputed that, during the time period in question, the Madison County Sheriff's Department was required by a federal court order to limit the number of occupants in the jail. The absence of any evidence in this case that the Sheriff's Department or Madison County engaged in efforts to locate an alternative facility is similarly undisputed.

While the petitioner awaited service of her sentence, she successfully completed her probation, married, obtained employment as a nurse for a local cardiologist, and generally conducted herself in a lawful manner. Moreover, as previously noted, the petitioner was at all times available to serve her sentence. However, only in September of 1998 did she receive notification from the Madison County Sheriff's Department instructing her to begin service of her five day sentence of incarceration on September 24, 1998.

Upon receiving the notification from the Sheriff's Department, the petitioner retained counsel and, on September 4, 1998, filed a petition for post-conviction relief in the Madison County Circuit Court. The trial court conducted a hearing on March 31, 1999, at which hearing the parties stipulated the above facts. Moreover, the petitioner and the State agreed that her petition for post-conviction relief should be amended to a petition for a writ of habeas corpus in light of the expiration of the applicable statute of limitations. The trial court denied the petition "whether it be for a post-conviction or habeas corpus." However, pursuant to Tenn.Code Ann. § 40–35–314(c) (1997), the court modified the petitioner's sentence of incarceration to a period of forty-eight hours.[1]

## II. Analysis

Our supreme court recently reiterated the limited scope of habeas corpus relief in Tennessee:

1. Tenn.Code Ann. § 55–10–403(a)(1) (1993) requires a minimum period of incarceration of forty-eight (48) hours.

The writ will issue "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." ... In other words, a habeas corpus petition may only be utilized to successfully contest void, as opposed to voidable, judgments.... A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.

*Taylor v. State*, 995 S.W.2d 78, 83 (Tenn.), *cert. denied*, 528 U.S. 915, 120 S.Ct. 270, 145 L.Ed.2d 226 (1999) (citations omitted).

The petitioner in this case initially claims that her sentence has expired, warranting the issuance of the writ. She cites our supreme court's opinion in *State v. Walker*, 905 S.W.2d 554 (Tenn.1995), in support of her argument. In *Walker*, defendants Walker and Love pled guilty in the Madison County Circuit Court to the offense of driving under the influence and received sentences of eleven (11) months and twenty-nine (29) days incarceration in the county jail. *Id.* at 555. The trial court suspended all but twenty days of each defendant's sentence. *Id.* However, when Walker and Love reported to the Madison County Jail, they were turned away due to overcrowding. *Id.* Two years following his conviction, Walker was notified by the Madison County Sheriff's Department to report to the jail to commence service of his sentence. *Id.* Love received a similar notice more than one year following his conviction. *Id.* Both defendants filed petitions for post-conviction relief, which the trial court treated as petitions for a writ of habeas corpus. *Id.* Our supreme court, interpreting several Tennessee statutes, held that

where persons under a criminal sentence immediately present themselves to the appropriate authorities for incarceration and are turned away the sentence in each case shall begin to run when the judgment of conviction becomes final or the prisoner is actually incarcerated whichever is earlier.

*Id.* at 557. Accordingly, the court concluded that the defendants' sentences had expired and granted the requested relief. *Id.*

Clearly, under the rule announced in *Walker*, the petitioner's sentence in this case has expired. However, the court in *Walker* further held that this rule would be prospective only, applying to cases tried or retried after the date of the opinion in *Walker* and to cases then on appeal in which the issue had already been raised. *Id.* We are bound by the decision of our supreme court in this respect and cannot apply the above rule in this case. Rather, we must apply this court's interpretation of Tennessee statutes prior to *Walker*. According to our earlier interpretation, a sentence commenced on the day a defendant legally came into the custody of the sheriff for the execution of a judgment of imprisonment. *Wilson v. State*, 882 S.W.2d 361, 364 (Tenn.Crim.App.1994)(citing Tenn.Code Ann. § 40–23–101). *See also, e.g., State v. McMahan*, No. 03C01–9310–CR–00333, 1994 WL 521228 (Tenn.Crim.App. at Knoxville, September 22, 1994); *Brown v. Guider*, No. 03C01–9310–CR–00346, 1994 WL 142661 (Tenn.Crim.App. at Knoxville, April 22, 1994). According to that interpretation, the petitioner's sentence has not expired. Moreover, the petitioner does not otherwise contend that the judgment of the Madison County Circuit Court is void.

The petitioner does contend that, under the totality of the circumstances, requiring her to serve the five day sentence of incarceration more than four years following her conviction and the imposition of her sentence violates principles of due process contained in the Tennessee and United States constitutions. In other words, she contends that her sentence is voidable because of the abridgment of a constitutional right. *Taylor*, 995 S.W.2d at 83. The authorized avenue for attacking a voidable sentence is a petition for post-conviction relief. *Id.*[2] A court may, of course, treat a pleading according to the relief sought. *Norton v. Everhart*, 895 S.W.2d 317, 319 (Tenn.1995). Yet, as tacitly acknowledged by the petitioner at the March 31, 1999 hearing, the post-conviction statute of limitations in the petitioner's case expired on May 10, 1996, and the petitioner's claim does not fall within one of the three statutorily enumerated exceptions. Tenn.Code Ann. § 40-30-202(b)

(1997). Again, the trial court without explanation denied the instant petition "whether it be for a post-conviction or a habeas corpus."

With respect to the post-conviction statute of limitations, it is unclear to this court how the petitioner could have raised her issue prior to the expiration of the limitations period. In order to better understand the petitioner's difficulty, it is helpful to review the standard by which courts determine whether a delay in the execution of a sentence violates due process. In *Walker*, our supreme court noted that, in cases involving delay in the execution of a sentence, federal courts have examined alleged due process violations under the theories of waiver of jurisdiction or estoppel. *Walker*, 905 S.W.2d at 555–556 (citing *United States v. Martinez*, 837 F.2d 861, 864–865 (9th Cir.1988), and *Mobley v. Dugger*, 823 F.2d 1495, 1496–1497 (11th Cir. 1987)). In the slightly different context of a defendant's interrupted service of her

**2.** As noted previously, the trial court in *Walker* treated the defendants' petitions for post-conviction relief as petitions for habeas corpus relief. Yet, in reviewing the trial court's denial of relief, the supreme court first addressed whether the sheriff's refusal of admission to the jail because of overcrowded conditions was "so affirmatively wrong or grossly negligent that further incarceration would be inconsistent with fundamental principles of liberty and justice," concluding that no constitutional violation had occurred. 905 S.W.2d at 556. Of course, an examination of the factual background in *Walker* indicates that, regardless of how the trial court treated the petitions, the post-conviction limitations periods in the defendants' cases had not expired.

In contrast, in *State v. McKnight*, No. 02C01–9810–CC–00310, 1999 WL 569758 (Tenn.Crim.App. at Jackson, August 5, 1999), *perm. to appeal granted*, (Tenn.2000), the defendant pled guilty to and was convicted of DUI, second offense, and DUI, third offense on May 7, 1997. *Id.* at *1. He was sentenced to consecutive terms of eleven months and

twenty-nine days in the county workhouse, and the trial court suspended all but two hundred and ten days of the defendant's sentences. *Id.* The defendant immediately presented himself to the county workhouse and was turned away due to overcrowding. *Id.* He was only ordered to commence service of his sentence in August 1998, more than one year after his conviction. *Id.* On September 3, 1998, the defendant filed a "Motion for Post–Conviction Relief and/or Writ of Habeas Corpus," in reliance upon *Walker*. *Id.* This court rejected the continuing vitality of the rule announced in *Walker* in DUI cases in light of the legislature's subsequent adoption of Tenn. Code Ann. § 55–10–403(p)(1). *Id.* at ——3–4. Moreover, although the defendant's petition was apparently filed more than one year after the defendant's conviction became final, this court nevertheless briefly addressed whether "requiring the Defendant to serve his sentence would be inconsistent with fundamental principles of liberty and justice in violation of the Defendant's due process rights." *Id.* at *4. However, this court did not state the vehicle by which it addressed the petitioner's constitutional claim.

sentence, this court has acknowledged the adoption of these theories in Tennessee. *State v. Chapman*, 977 S.W.2d 122, 125–126 (Tenn.Crim.App.1997). *See also State v. Meadors*, No. 01C01–9807–CC–00285, 1999 WL 430945, at *2 (Tenn.Crim.App. at Nashville, June 29, 1999), *perm. to appeal denied*, (Tenn.2000).

 The waiver of jurisdiction theory imputes to the State the waiver of its right to incarcerate a defendant following undue delay in the execution of a sentence. Because the theory is premised upon the protection against arbitrary and capricious state action contained in the Fourteenth Amendment to the United States Constitution, *see Camper v. Norris*, 36 F.3d 782, 784 (8th Cir.1994), *Mobley*, 823 F.2d at 1496,[3] courts have noted the following prerequisites to the application of the theory:

1. There is no fault attributable to the defendant.
2. The State's actions constitute more then mere negligence, i.e., the State's actions are affirmatively improper or grossly negligent.
3. The defendant's incarceration is unequivocally inconsistent with fundamental principles of liberty and justice.

*Chapman*, 977 S.W.2d at 126; *Meadors*, No. 01C01–9807–CC–00285, 1999 WL 430945, at *2. *See also Martinez*, 837 F.2d at 864–865 (9th Cir.1988); *Mobley*, 823 F.2d at 1496–1497. Ultimately, in order to determine whether the defendant's incarceration is unequivocally inconsistent with fundamental principles of liberty and justice, a court must examine the totality of circumstances, including the length of the delay and whether, since her conviction,

the defendant has re-established herself as a productive member of society. *See, e.g., State v. Levandoski*, 237 Mich.App. 612, 603 N.W.2d 831, 836–840 (1999).

The theory of estoppel is likewise "based upon fundamental fairness through due process." *Chapman*, 977 S.W.2d at 126. In contrast to the waiver of jurisdiction theory, however, a defendant must establish the following elements:

1. The party to be estopped must know the facts.
2. He must intend that his conduct shall be acted upon or must act so that the party asserting the estoppel has a right to believe it is so intended.
3. The party asserting the estoppel must be ignorant of the facts.
4. That party must rely on the former's conduct to his injury.

*Id. See also Martinez*, 837 F.2d at 864.

 Under either theory, years may pass before the delay in the execution of a sentence ripens into a viable claim. Thus, requiring a petitioner to raise the issue within one year of her conviction will in many cases be an exercise in futility and, in the case of claims based upon the theory of estoppel, an impossibility. In *Burford v. State*, 845 S.W.2d 204, 208 (Tenn.1992),[4] the supreme court held that, in certain circumstances, due process prohibits strict application of the statute of limitations in a post-conviction proceeding. Specifically, the applicable time period must provide the petitioner a reasonable opportunity to have the claimed issue heard and determined. *Id.* In *Sands v. State*, 903 S.W.2d 297, 301 (Tenn.1995), the supreme court

---

**3.** *But see Hawkins v. Freeman,* 195 F.3d 732, 749–750 (4th Cir.1999).

**4.** Although, in *Burford,* our supreme court was addressing the previous post-conviction

statute, the new Post–Conviction Procedure Act is likewise subject to constitutional principles.

further articulated a three-step process to be utilized in evaluating a *Burford* claim:

1. Determine when the limitations period would normally have begun to run.
2. Determine whether the grounds for relief actually arose after the limitations period would normally have commenced.
3. If the grounds are later-arising, determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim.

*See also Wright v. State*, 987 S.W.2d 26, 28–29 (Tenn.1999). We conclude that the delayed execution of the petitioner's sentence in this case is, indeed, a later arising claim. Moreover, balancing the public and private interests at stake, we conclude that strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present her claim.

■ We turn then to an application of the due process theories enunciated above to the undisputed facts before this court. The doctrine of estoppel is inapplicable, as the State at no time, whether explicitly or implicitly, represented to the petitioner that she was excused from the service of her sentence. Rather, the petitioner must prevail, if at all, under the theory of waiver of jurisdiction. As previously noted, the petitioner in this case repeatedly inquired at the Madison County Sheriff's Department concerning the service of her five day sentence of incarceration. In light of these repeated inquiries, the State's delay of four years in executing her sentence and its failure to attempt the location of alternative facilities was, if not affirmatively improper, certainly grossly negligent. Moreover, given the totality of the circumstances, including the four year length of the delay and the petitioner's re-establish-ment of her position as a productive member of society, we conclude that execution of her sentence would be unequivocally inconsistent with fundamental principles of liberty and justice.

In closing, we find the comments of our supreme court in *Walker* to be pertinent:

> We are dealing with two related societal problems, drunk drivers and overcrowded jails. Responding to public outcry over the huge losses—in human lives and property damage—caused by drunk drivers, the legislature made incarceration mandatory, even for the first offense. Few would disagree with the proposition that people who operate vehicles in an impaired state deserve to be punished severely.
>
> Such punishment, however, has its costs. Longer, mandatory sentences inevitably lead to overcrowded jails, and building more jails severely impacts the public treasury. But the drunk driving problem cannot be addressed in a vacuum. If drunk drivers are to be punished by incarceration the public must stand ready to provide the facilities in which the sentence may be served.

905 S.W.2d at 557.

### III. Conclusion

For the foregoing reasons, we reverse the judgment of the trial court and grant the petitioner post-conviction relief from the execution of her sentence.

WADE, P.J., and WILLIAMS, J., concur.