IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2006

## JAMES D. WEST v. KENNETH W. LOCKE, WARDEN

**Appeal from the Criminal Court for Davidson County**
**No. 3690    J. Randall Wyatt, Judge**

---

**No. M2006-00291-CCA-R3-HC - Filed January 17, 2007**

---

Petitioner, James D. West, entered guilty pleas in the Madison County Criminal Court to driving after having been declared a habitual motor vehicle offender, two counts of aggravated assault and two counts of reckless endangerment.  He received an effective sentence of four years.  On October 4, 2005, the petitioner filed a pro se petition for writ of habeas corpus in the Davidson County Criminal Court alleging that his sentence had expired.  On January 5, 2006, the trial court dismissed the petition without an evidentiary hearing or the appointment of counsel. Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

James D. West, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; Lisa Angela Naylor, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The petitioner, James D. West, appeals the trial court's denial of his petition for writ of habeas corpus.  The record reflects that on December 12, 1995, the petitioner entered guilty pleas in Madison County Criminal Court to driving after having been declared a habitual motor vehicle offender, two counts of reckless endangerment and two counts of aggravated assault.  He received an effective sentence of four years.  On December 18, 1995, he received a medical furlough from a previously imposed sentence from Gibson County.  When the petitioner failed to report for service of his Madison County sentence, the trial court issued a capias for his arrest on January 17, 1996. On June 9, 2005, the petitioner was arrested on the capias and began serving his sentence. According to the state, the sentence was recalculated to reflect the time in which he had absconded.

On October 4, 2005, the petitioner filed a pro se petition for writ for habeas corpus[1], contending that his four year sentence had expired. Upon review of the petition and the state's motion to dismiss, the trial court denied the petition.

## ANALYSIS

Tennessee law provides that "[a]ny person imprisoned or restrained of his liberty under any pretense whatsoever . . . may prosecute a writ of habeas corpus to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. Habeas relief is limited and available only when it appears on the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to convict the petitioner or that the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). To prevail on a petition for writ of habeas corpus, a petitioner must establish by a preponderance of the evidence that a judgment is void or that a term of imprisonment has expired. See State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 504, 381 S.W.2d 290, 291-92 (1964). If a petition fails to state a cognizable claim, it may be dismissed summarily by the trial court without further inquiry. See State ex rel. Byrd v. Bomar, 214 Tenn. 476, 483, 381 S.W.2d 280, 283 (1964); Tenn. Code Ann. § 29-21-109.

At the trial court level, the petitioner alleged that his present confinement is illegal because the four year sentence rendered in 1995 had expired at the time that he was apprehended in June 2005. The state filed a motion to dismiss the petition that alleged the facts surrounding the petitioner's medical furlough from Gibson County, failure to appear in Madison County and subsequent capias leading to his arrest in 2005, supported by the affidavit of Correctional Program Director Roberta Anderson. Thus, the state argued that the petitioner's sentence had not expired and that the petition should be dismissed. The trial court agreed.

For the first time on appeal, the petitioner admits that he was furloughed to an inpatient drug treatment program by Gibson County and was actually undergoing treatment when the capias from Madison County was issued. He states that the staff at the treatment facility informed him of the capias but also told him that the capias would be recalled since he was undergoing treatment. In fact, he claims that the staff verified that there were no active warrants against him in Madison or Gibson counties when he was released from the treatment program in March of 1996. After leaving the program, the petitioner remained in Madison County were he has resided and worked for the past eleven years. The petitioner also claims to have satisfied all financial obligations arising out of the Gibson and Madison County convictions prior to being arrested on the capias in June 2005. Based upon these circumstances, the petitioner argues that his sentence has expired due to the delay in the execution of its service. Additionally, the petitioner argues that his petition should have been treated as one for post-conviction relief and transferred back to Madison County. See State v. McKnight,

---

[1] At the time of the filing of the petition for writ of habeas corpus, the petitioner was confined at the Charles Bass Correction Complex in Davidson County. Sometime after completion of the habeas proceedings in the trial court, the petitioner was relocated to the Hardeman County Correctional Facility in Whiteville, Tennessee.

51 S.W.3d 559 (Tenn. 2001); State v. Walker, 905 S.W.2d 554 (Tenn. 1995); Kelly v. State, 61 S.W.3d 341 (Tenn. Crim. App. 2000).[2]

An appellant is bound by the theory asserted at the trial court level and may not change theories on appeal. State v. Adler, 71 S.W.3d 299, 303 (Tenn. Crim. App. 2001)(citing State v. Banes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993). Furthermore, the theory asserted on appeal does not implicate habeas relief but instead implicates post-conviction relief. The petitioner's allegation that requiring him to serve the sentence constitutes a due process violation makes the judgment in this case merely voidable and not void. Furthermore, in order to prevail in his due process argument, the petitioner must be without fault in the failure to execute the sentence. State v. Chapman, 997 S.W.2d 122, 126 (Tenn. Crim. App. 1997); see, e.g., Gary Maurice Sexton, Jr. v. State, No. E2003-00910-CCA-R3-PC, 2004 WL 50788 (Tenn. Crim. App. at Knoxville, Jan. 12, 2004)(petitioner cannot prevail in due process argument when he never presented himself to the proper authorities for the service of his sentence). For all of these reasons, the petitioner's arguments on appeal are not well-taken and the limited issue for this court's determination is whether the trial court erred in summarily dismissing the petition.

The determination of whether to grant habeas corpus relief is a matter of law; and, therefore, we will review the trial court's finding de novo without a presumption of correctness. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). The record reflects that the petitioner was sentenced to an effective sentence of four years on December 12, 1995 and began to serve his sentence in June 2005. The petitioner admits that he failed to appear for service of the sentence and a capias for his arrest was issued by the trial court. After being arrested almost ten years later, he began serving the four-year sentence as ordered. In dismissing the petition, the trial court found that the judgment on its face was neither void nor had the sentence expired. In this court's opinion, the petition filed in the trial court sufficiently raised an issue regarding the expiration of the petitioner's sentence and should not have been summarily dismissed. However, based upon the admissions made by the petitioner on appeal regarding his failure to report for service of the sentence, this court cannot rule that the petitioner is entitled to the appointment of counsel and an evidentiary hearing regarding the habeas corpus allegation.

## CONCLUSION

The petitioner sufficiently raised an issue regarding the expiration of his sentence at the habeas trial court level. However, based upon his admissions and arguments on appeal, the court finds that the allegations do not merit habeas relief. Therefore, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

---

[2] We note that the petitioner admits in his brief that he has already alleged this claim in a post-conviction petition in Madison County.