IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 6, 2007

**JAMES D. WEST v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-06-107     Donald Allen, Judge**

---

**No. W2006-01320-CCA-R3-PC  - Filed June 29, 2007**

---

The petitioner, James D. West, appeals from the Madison County Circuit Court's summary dismissal of his petition for post-conviction relief. The petitioner claimed in his petition that he was entitled to relief from the state's incarcerating him following an eleven-year delay in execution of his sentence. We hold that the petitioner stated a cognizable claim for post-conviction relief, reverse the trial court's dismissal, and remand for appointment of counsel and a hearing on the allegations.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed,**
**Case Remanded**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

James D. West, Bradford, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

According to the post-conviction petition, the petitioner was convicted on guilty pleas of violation of the Habitual Motor Vehicle Offender Act, two counts of aggravated assault, and two counts of reckless endangerment. He alleges that judgments were entered on December 20, 1995, and that he attempted for eighteen to twenty-four months thereafter to serve his sentence but that he was turned away from the Madison County Jail due to overcrowding. The petitioner filed the present post-conviction petition on March 28, 2006, after the state incarcerated him for the offenses. He alleges that the state's eleven-year delay in executing his sentences was an undue one and that it constitutes arbitrary and capricious state action in violation of the Fourteenth Amendment and Kelly v. State, 61 S.W.3d 341 (Tenn. Crim. App. 2000). He also alleges that his claim is a later

arising one which should not be barred by the statute of limitations because it could not have been brought within the limitations period.

In a separate proceeding, the petitioner has also attempted to obtain habeas corpus relief, which the trial court denied. On appeal, this court held that the facts of the petitioner's case did not entitle him to relief. The Tennessee Supreme Court denied his application for discretionary review. See James D. West v. Kenneth W. Locke, Warden, No. M2006-00291-CCA-R3-HC, Davidson County (Tenn. Crim. App., Jan. 17, 2007), app. denied (Tenn. May 21, 2007).

In the proceedings below, the trial court dismissed the post-conviction petition on the grounds that it was time-barred and that the claims previously had been determined by a court of competent jurisdiction. The defendant claims in this appeal that the trial court erred in dismissing the petition without a hearing. The state argues that the petition is untimely and that the petitioner is not entitled to relief on the merits of his claim because he was at fault for failing to report to serve his jail sentence.

In his brief, the petitioner alleges additional facts which were not stated in his petition. He says that he was in Gibson County custody for other convictions when he entered the guilty pleas for the offenses in the present case. He says that he was transferred to an inpatient treatment program in Madison County on December 18, 1995 and that he remained there until March 1996. He states that he was informed by the staff of the treatment facility on January 16, 1996 that there was a capias for him but that the capias would be recalled due to his residency in the inpatient program. The petitioner says that when he was released from the treatment program in March 1996, the program's staff verified that there was not an active capias for the petitioner in either Madison County or Gibson County.

The petition was dismissed without appointment of counsel or a hearing. As such, our analysis is limited to whether the petition stated a cognizable claim for post-conviction relief. See T.C.A. § 40-30-106 (outlining trial court's duties on preliminary consideration of post-conviction petitions).

Because the petition was not filed within one year of the 1995 conviction judgments, we consider first whether the petition for post-conviction relief asserts facts demonstrating that relief was not barred by the one year statute of limitations. See T.C.A. § 40-30-102(a). In this respect, the state's delay in the execution of a sentence may qualify as a later-arising claim for post-conviction relief which does not ripen before expiration of the statute of limitations but is nevertheless cognizable on due process grounds. State v. McKnight, 51 S.W.3d 559, 563 (Tenn. 2001); Kelly v. State, 61 S.W.3d 341, 347 (Tenn. Crim. App. 2000); see Burford v. State, 845 S.W.2d 204 (Tenn. 1995). The petition alleges that the state waited eleven years to execute his four year sentence and that the petitioner's claim did not ripen until after expiration of the statute of limitations. We hold that these allegations state a sufficient factual basis to avoid summary dismissal on the basis of the statute of limitations.

Assuming for purposes of the present inquiry that the petition is not barred by the statute of limitations, the next question is whether the petition sufficiently states a claim for post-conviction relief. Post-conviction relief is available if a conviction or sentence is void or voidable because of the denial of a constitutional right. T.C.A. § 40-30-103. A claim that the state has engaged in an excessive delay in the execution of an incarcerative sentence implicates due process concerns and is a proper basis for post-conviction relief. McKnight, 51 S.W.3d at 567. In examining due process claims of this nature, this court has outlined the following requirements for relief:

> 1. There is no fault attributable to the defendant.
>
> 2. The State's actions constitute more then mere negligence, i.e., the State's actions are affirmatively improper or grossly negligent.
>
> 3. The defendant's incarceration is unequivocally inconsistent with fundamental principles of liberty and justice.
>
> Ultimately, in order to determine whether the defendant's incarceration is unequivocally inconsistent with fundamental principles of liberty and justice, a court must examine the totality of circumstances, including the length of the delay and whether, since [his or] her conviction, the defendant has re-established [himself or] herself as a productive member of society.

Kelly, 61 S.W.3d at 346 (citations omitted).

Measuring the petitioner's allegations against these standards, we hold that the petitioner sufficiently alleged a colorable claim for post-conviction relief. The defendant's allegations include that he attempted to serve his sentence for eighteen to twenty-four months after his convictions but was turned away at the jail, that the state waited eleven years to attempt to execute the sentence, and that he has reestablished himself as a productive member of society. The allegations further state that the petitioner had maintained a residence at the address which the court has had on file, that he had maintained employment, that he had been a residential caretaker of his disabled father, and that he had paid the fines and costs associated with his convictions. These allegations are sufficient to state a cognizable claim for post-conviction relief, and the trial court should not have dismissed the petition without appointing counsel and conducting a hearing on the claim.

In so holding, we have not overlooked the decision of this court in the petitioner's habeas corpus case. In that case, this court said that the trial court's dismissal of the petition was harmless error based upon "the admissions made by the petitioner on appeal regarding his failure to report for service of the sentence[.]" We have examined the appellate record of that case. See Delbridge v. State, 742 S.W.2d 266, 267 (Tenn. 1987) ("The courts may take judicial notice of the court records in an earlier proceeding of the same case and the actions of the courts thereon."); State ex rel. Wilkerson v. Bomar, 213 Tenn. 499, 376 S.W.2d 451 (1964) (same). In so doing, we note that the petitioner did not allege in his habeas corpus petition that he had attempted, for some period of time,

to report to serve the sentence but had been turned away from the jail. In his appellate brief in that case, he stated that the staff at the treatment program verified he had no outstanding warrants before he left the treatment facility. He also stated that after leaving the treatment program, he lived and worked in Madison County for eleven years, but he did not state that he had attempted at any point during this time to serve his jail sentence. Thus, the court's conclusion in that case that the petitioner had conceded on appeal that he did not report to serve his sentence is not fatal to the petitioner in the present case. In any event, the question before us, whether the petitioner stated a sufficient factual basis for post-conviction relief such that his petition should not have been summarily dismissed, is to be answered on the face of the petition. See T.C.A. § 40-30-106(d) ("The petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds.").

In consideration of the foregoing and the record as a whole, the judgment of the trial court is reversed. The case is remanded to the trial court for appointment of counsel and an evidentiary hearing. The trial court shall determine, as a preliminary matter at the hearing, whether the petitioner has demonstrated that the facts of this case mandate that due process defeat the one year statute of limitations. If the court determines that the petitioner's claim is not barred by the statute of limitations, it shall determine whether due process prevents the state from incarcerating the defendant for his convictions.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE