**STATE of Tennessee**

v.

**Wayne Lee BATES.**

**No. M2008–00639–CCA–R3–CD.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 18, 2009 Session.

Sept. 16, 2009.

James A. Simmons, Hendersonville, Tennessee, for the Appellant, Wayne Lee Bates.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Mickey Layne, District Attorney General, and Kenneth A. Shelton, Jr., Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

JERRY L. SMITH, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Appellant, Wayne Lee Bates, pled guilty to the first degree murder of Julia Guida and grand larceny. A Coffee County jury imposed a sentence of death. *State v.*

*Bates,* 804 S.W.2d 868, 871 (Tenn.1991). For some reason, the trial court never imposed a sentence for grand larceny. After many appeals in both State and Federal courts, the United States Court of Appeals for the Sixth Circuit found the imposition of the death penalty illegal and remanded for resentencing. *See Bates v. Bell,* 402 F.3d 635 (6th Cir.2005). Upon remand to the trial court, the parties realized Appellant had never been sentenced for grand larceny. The trial court reduced Appellant's first degree murder sentence to life with possibility of parole and imposed a sentence of four years for the grand larceny conviction, over Appellant's objection. Appellant now appeals solely the imposition of the grand larceny sentence. We conclude that the issue raised is one of whether Appellant was denied his Sixth Amendment right to a speedy trial. After applying a balancing test to the facts, we have concluded that he was not denied his right to a speedy trial and, therefore, we affirm the imposition of the four-year sentence for grand larceny.

Appellant pled guilty to first degree murder and grand larceny in Coffee County. *Bates,* 804 S.W.2d at 871. The issue of punishment was submitted to a jury. *Id.* Following a sentencing hearing, Appellant was sentenced to death. Appellant appealed his sentence to the Tennessee Supreme Court. *See id.* At the conclusion of the opinion, our supreme court stated, "The sentence of death will be carried out as provided by law.... The sentence for grand larceny is affirmed."[1] *Id.* at 883.

Subsequently, Appellant filed a petition for post-conviction relief. *Bates v. State,* 973 S.W.2d 615, 620–21 (Tenn.Crim.App. 1997), *reh'g denied,* (Tenn.Crim.App. July 23, 1997), *perm. app. denied,* (Tenn. Dec. 29, 1997). The post-conviction court denied the petition for post-conviction relief. *Bates,* 973 S.W.2d at 618. On appeal to this Court, Appellant argued that his guilty plea was not knowingly or voluntarily made, he was afforded ineffective assistance of counsel, and that the State failed to disclose information in violation of *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). *Id.* at 624–39. Appellant's appeal was unsuccessful. *Id.* at 639.

On March 23, 2005, the Sixth Circuit Court of Appeals ruled on Appellant's writ of habeas corpus filed in federal court. *See Bates,* 402 F.3d at 635. The Sixth Circuit held that there was a significant constitutional error in the sentencing hearing and that constitutional error required a new penalty phase trial. *Id.* at 640. The court stated that the writ would be conditionally granted "unless the State initiated resentencing proceedings within 180 days." *Id.* at 650.

On March 17, 2008, the trial court held a resentencing hearing. At some point prior to the resentencing hearing, the State discovered that the trial court had at the time of the trial never imposed a sentence for Appellant's grand larceny conviction. At the resentencing hearing, Appellant presented a motion opposing the imposition of a sentence for the grand larceny conviction. After hearing argument from both Appellant and the State, the trial court held that it had jurisdiction to sentence Appellant for the grand larceny conviction. The trial court then sentenced Appellant

---

1. We have reviewed the direct appeal record. We find no evidence that a sentence was ever imposed for grand larceny. While this Court realizes that the principle of estoppel applies to issues that have been previously determined, we conclude that a non-existent sentence cannot be affirmed. Therefore, we have chosen to address the issue presented on appeal.

to life with the possibility of parole for his first degree murder conviction and four years as a Range I, standard offender for his grand larceny conviction to be served consecutively to his life sentence.

Appellant filed a timely notice of appeal from his sentence for grand larceny.

### ANALYSIS

On appeal, Appellant argues that the trial court erred in imposing a sentence for the grand larceny conviction because over twenty years had lapsed between the entry of the guilty plea and the sentencing hearing. The State argues that Appellant has been unable to show that the twenty-year delay was prejudicial and, therefore, the sentence should be affirmed.

Appellant's first argument is based on Tennessee Code Annotated section 40–35–209. Tennessee Code Annotated section 40–35–209 states:

> (a) Before imposing sentence or making other disposition upon acceptance of a plea of guilty or upon a verdict or finding of guilty, the court shall conduct a sentencing hearing without unreasonable delay, but in no event more than forty-five (45) days after the finding of guilt, except as provided in § 40–35–203(b) relating to agreed sentences and § 40–35–203(c) relating to capital crimes. The court, upon the request of either party and with good cause shown, shall continue the sentencing hearing for at least five (5) days, but not more than thirty (30) days, after the filing of a presentence report, unless either party shows good cause for further postponement or unless these time constraints will unduly prejudice the position of either party.

In *State v. Jones*, 729 S.W.2d 683 (Tenn. Crim.App.1986), this Court analyzed this same statute when the defendant in that case challenged his sentence on the basis

that he was sentenced outside thirty days, which was the requirement under the statute in effect at that time. *Jones*, 729 S.W.2d at 685. In *Jones* we stated, "[I]t is the general rule in Tennessee that statutory provisions which relate to the mode or time of doing an act to which the statute applies are not to be mandatory, but directory only." *Id.* (citations omitted). The Court went on to say that because the defendant did not show that he had been prejudiced by the delay, any error was harmless. *Id.*

We applied the same rationale in *State v. John David Rankin, Jr.*, No. 03C01–9511–CC–00369, 1996 WL 469678 (Tenn. Crim.App., at Knoxville, Aug. 19, 1996). In *John David Rankin*, the trial court sentenced the defendant five months after his conviction. *John David Rankin*, 1996 WL 469678, at *4. This Court once again held that the defendant failed to show prejudice from the delay and found that the error was harmless. *Id.* at *4–5.

Appellant argues that Tennessee Code Annotated section 40–35–209 is a statute of limitations on the trial court's jurisdiction to impose a sentence after entry of judgment. However, as noted above, it has been determined that this statute is merely directory and that a sentence will not be reversed based upon a delay absent prejudice. *See John David Rankin*, 1996 WL 469678, at *4–5; *Jones*, 729 S.W.2d at 685. Appellant did not include an argument in his brief contending that there was prejudice as a result of the over twenty-year delay. Therefore he has not proven that he was prejudiced by the delay in his sentencing hearing.

Appellant also puts forth two additional arguments, waiver of jurisdiction and estoppel. In support of this argument, Appellant cites *Kelly v. State*, 61 S.W.3d 341 (Tenn.Crim.App.2000). However, the facts

in *Kelly* are not analogous to this situation. In *Kelly*, the defendant pled guilty to one count of driving under the influence on May 27, 1994. 61 S.W.3d at 343. She was sentenced to eleven months and twenty-nine days in the county jail. *Id.* When the defendant presented herself to the jail, she was informed that she could not serve her sentence at that time because of over-crowding. *Id.* The defendant made numerous inquiries concerning the service of her sentence. However, she was repeatedly told that the jail was overcrowded and she was turned away. *Id.* On September 24, 1998, over four years later, the sheriff's department contacted her about serving her sentence. *Id.* This Court reviewed the defendant's case on appeal from a writ of habeas corpus. On appeal, we analyzed the issue both under waiver of jurisdiction and estoppel. *Id.* While these legal theories might apply to the defendant's factual situation in *Kelly*, we conclude that they do not apply to Appellant's situation. In *Kelly*, the defendant had been sentenced, and the service of the sentence was delayed. In Appellant's case, the trial court never imposed a sentence. For the reasons outlined below, we conclude that the correct analysis is that of a defendant's right to a speedy trial under the Sixth Amendment.

The United States Supreme Court applied the right to a speedy trial analysis to delayed sentencing proceedings in *Pollard v. United States*, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). 352 U.S. at 361, 77 S.Ct. 481. In *Pollard*, the defendant pled guilty on September 8, 1952. *Id.* at 355, 77 S.Ct. 481. The trial court delayed the imposition of the sentence. On the date of the sentencing hearing, the trial court did not impose the defendant's sentence and order of probation until after the defendant had left the courtroom. *Id.* at 355–56, 77 S.Ct. 481. Two years later, the defendant was arrested and brought

before the trial court for violating his probation. *Id.* at 357, 77 S.Ct. 481. The trial court sentenced the defendant to two years imprisonment. *Id.* On appeal, the Government conceded that the original sentence was illegal because the defendant was not present in the courtroom. *Id.* at 356, 77 S.Ct. 481. The United States Supreme Court then analyzed whether the sentence imposed two years after the judgment was illegal under the Sixth Amendment right to a speedy trial. This Court has also followed the same analysis for a similar situation. *See State v. Joseph Hart*, No. 02C01–9902–CC–00075, 1999 WL 737780, at *3 (Tenn.Crim.App., at Jackson, Sept. 20, 1999). Therefore, we conclude that the proper analysis of this situation falls under Appellant's right to a speedy trial.

The United States and Tennessee Constitutions guarantee the criminal defendant the right to a speedy trial. U.S. Const. amend. VI; Tenn. Const. art. I, § 9; *State v. Utley*, 956 S.W.2d 489, 492 (Tenn.1997). The right to a speedy trial is also statutory in Tennessee. *See* T.C.A. § 40–14–101.

 When an accused seeks the dismissal of charges based upon the denial of the constitutional right to a speedy trial, the accused must establish a period of delay that is "presumptively prejudicial." *State v. Jefferson*, 938 S.W.2d 1, 12 (Tenn. Crim.App.1996) (citing *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992); *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). The length of the delay is dependent upon the peculiar circumstances of each case, and the delay that can be tolerated for "an ordinary street crime" is generally much less than for a serious, complex felony charge. *Barker*, 407 U.S. at 530–31, 92 S.Ct. 2182. A delay of one year or longer marks the point at which courts deem the delay un-

reasonable enough to trigger further inquiry. *Doggett,* 505 U.S. at 652 n. 1, 112 S.Ct. 2686; *Utley,* 956 S.W.2d at 494. If this threshold is crossed, a balancing test determines the merits of the speedy trial issue. In *State v. Bishop,* 493 S.W.2d 81, 83–85 (Tenn.1973), the Tennessee Supreme Court recognized and adopted the balancing test the United States Supreme Court set forth in *Barker* in which four factors must be balanced. The factors are: (1) the length of the delay; (2) the reasons for the delay; (3) the accused's assertion of the right to speedy trial; and (4) the prejudice resulting from the delay. *Barker,* 407 U.S. at 530–32, 92 S.Ct. 2182; *Bishop,* 493 S.W.2d at 83–84.

We now turn to the facts of this case. There is no question that there was a delay of over twenty years between the time that Appellant pled guilty and the trial court's imposition of sentence. Both sides agree that this is the case. Clearly, this length of time triggers an inquiry to implement the balancing test. The reason for the delay appears to be that the sentencing for the grand larceny conviction, for lack of a better phrase, fell through the cracks. There is no evidence of malicious intent on the part of the State. Throughout all Appellant's post-trial litigation, the issue was not realized until the federal court's remand for resentencing. As far as Appellant's assertion of the right to speedy trial with regard to his sentencing for grand larceny, there is no evidence in the record that Appellant ever raised the issue. "[T]he failure to demand a speedy trial is not a waiver of the right, but is one of the factors to be considered in the ultimate decision. . . ." *Bishop,* 493 S.W.2d at 84. As stated above, Appellant's failure to raise the issue previously does not waive the issue, but it does factor into our application of the balancing test. Finally, we look at the prejudice resulting from the delay. At the time he was sentenced for the grand larceny, Appellant had been in prison for over twenty years for first degree murder. He was initially sentenced to death, but upon remand his sentence was lowered to life with the possibility of parole. Appellant was in custody throughout the twenty-year delay. This is not a situation where Appellant had been released from prison and later required to return to prison for the sentence which had never been imposed. There is no question that he will be in custody for the majority of his life due to his first degree murder conviction. We find that there is no resulting prejudice from the twenty-year delay because of Appellant's sentence of life with possibility of parole.

After weighing the factors announced in the balancing test, we conclude that there has not been a denial of Appellant's Sixth Amendment right to a speedy trial. Therefore, we affirm the trial court's imposition of the four-year sentence for grand larceny.

### CONCLUSION

For the foregoing reasons, we affirm the sentence for grand larceny.