IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2014

**LARRY W. ANDERSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6698      Joseph H. Walker, III, Judge**

_____

**No. W2013-02402-CCA-R3-HC - Filed June 10, 2014**

_____

Petitioner, Larry W. Anderson, pled guilty to one count of aggravated burglary and one count of evading arrest in a motor vehicle with a risk of death or injury to others and was sentenced by the Davidson County trial court to serve ten years as a Range III, persistent offender. Subsequently, Petitioner filed a pro se petition for writ of habeas corpus in Lauderdale County, alleging that his sentence was void because of the State's failure to give notice of intent to seek enhanced punishment and because the original trial court did not enter judgment until more than forty-five days after Petitioner had entered his guilty plea. The habeas corpus court summarily dismissed the petition without an evidentiary hearing. Petitioner appeals the dismissal of his petition for writ of habeas corpus. Upon review of the record, we find that the Petitioner has failed to state a cognizable claim and affirm the decision of the habeas corpus court dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and NORMA MCGEE OGLE, JJ., joined.

Larry W. Anderson, Pro Se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel E. Willis, Assistant Attorney General, for the respondent, State of Tennessee.

**OPINION**

1

*Factual Background*

On February 1, 2013, Petitioner pled guilty in Davidson County to one count of aggravated burglary and one count of evading arrest in a motor vehicle with a risk of death or injury to others. On March 21, 2013, Petitioner was sentenced by the trial court to ten years on each count as a Range III, persistent offender. It does not appear from the record or the pleadings that Petitioner filed a direct appeal of his sentence.[1] Instead, on September 5, 2013, Petitioner filed, pro se, the petition for writ of habeas corpus which is the basis of this appeal. In it, he argued that his sentence was illegal and void because (1) the State failed to file proper notice of intent to use his prior convictions for enhancement purposes as required by Tennessee Code Annotated section 40-35-202 and (2) the trial court lacked jurisdiction to sentence him by failing to comply with the forty-five day limit set out in Tennessee Code Annotated section 40-35-209(a). The lower court dismissed the petition for failure to state a cognizable claim for habeas corpus relief. Petitioner appealed.

*Standard of Review*

The right of an accused to seek relief through a writ of habeas corpus is guaranteed by Article I, Section 15 of the Tennessee Constitution. However, the grounds upon which habeas corpus relief may be granted are narrow. *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004). Habeas corpus relief is only available when it appears on the face of the judgment or record that the convicting court was without jurisdiction to convict or sentence the defendant, or that the defendant is still imprisoned despite the expiration of his sentence. *Id.*; *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). In other words, habeas corpus relief may be granted only when the judgment is void, rather than merely voidable. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007). The difference is that a void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment," whereas a voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 256 (citing *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998)). For example, a judgment rendered in direct contravention of a statute would be illegal and thus void. *See Summers*, 21 S.W.3d at 256; *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that his judgment is void. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). However, if the habeas corpus court determines that there is nothing on the face of the judgment to indicate

---

[1]While not explicitly stated, it appears from the record and the pleadings that the Petitioner pled "open" and the trial court determined his sentence at a sentencing hearing, rather than the Petitioner negotiating a specific sentence with the district attorney. Therefore, an appeal of his sentence would have been allowed under Tn. R. App. P. 3(b).

that the convictions contained therein are illegal, it may summarily dismiss the petition without the appointment of counsel and without an evidentiary hearing. *Summers*, 212 S.W.3d at 261. Because the issue of whether habeas corpus relief should be granted is a question of law, we shall conduct a de novo review without any presumption of correctness given to the decision of the lower court. *Id*. at 255.

*Analysis*

First, Petitioner argues that the trial court lost jurisdiction to sentence him when it failed to do so within forty-five days of the entry of his plea. *See* T.C.A. § 40-30-209(a). Petitioner entered his plea of guilt on February 1, 2013. His sentence was not imposed until forty-nine days later, on March 21, 2013. As this Court has previously stated, "it is the general rule in Tennessee that statutory provisions which relate to the mode or time of doing an act to which the statute applies are not to be mandatory, but directory only." *State v. Bates*, 313 S.W.3d 265, 268 (Tenn. Crim. App. 2009) (quoting *State v. Jones*, 729 S.W.2d 683, 685 (Tenn. Crim. App. 1986)). Therefore, the trial court did not lose jurisdiction to sentence Petitioner once the forty-five day limit had expired. Indeed, for Petitioner to show any error, he would have to show that he was somehow prejudiced by the four-day delay. *Bates*, 313 S.W.3d at 685. However, such a showing would require evidence outside the face of the judgment, rendering it potentially voidable rather than void. *See Jeffrey A. Simmons v. State*, No. W2007-01925-CCA-R3-HC, 2008 WL 2115443, at *2 (Tenn. Crim. App., at Jackson, May 20, 2008). Petitioner is unable to show that the judgment is void. The habeas corpus court properly dismissed the petition for failing to state a cognizable claim with respect to this issue.

Petitioner also maintains that his judgment is void because the State failed to file notice of intent to seek enhanced punishment as required under Tennessee Code Annotated section 40-35-202. Under both that statute and the Tennessee Rules of Criminal Procedure, the State must file notice of its intent to seek enhanced punishment at least ten days prior to trial or the acceptance of a guilty plea. T.C.A. § 40-35-202(a); Tenn. R. Crim. P. 12.3(a). The Tennessee Supreme Court has held that what is required under the statute is "fair" notice, not "perfect" notice. *State v. Livingston*, 197 S.W.3d 710, 713 (Tenn. 2006). Thus, even when there are defects in the timing, content, or form of the notice, the defendant must still make a showing of prejudice. *Id.* Such a showing would, again, likely require evidence outside of the record, rendering a judgment merely voidable. *See Michael Ralph Brown v. David Mills, Warden*, No. E2007-01891-CCA-R3-HC, 2008 WL 4949193, at *3 (Tenn. Crim. App., at Knoxville, Nov. 17, 2008).

The record in this case does not show that the State filed a notice of enhanced punishment. The only document submitted by Petitioner, other than the judgment forms, is the State's Response to Request for Discovery, which states "[s]hould the defendant testify

at trial, the State intends to use the prior criminal record during cross-examination for impeachment and enhancement purposes pursuant to *State v. Morgan*, 541 S.W.2d 385, Tennessee Rules of Evidence, 609 and 405, and T.C.A. §40-35-202." The Tennessee Supreme Court has previously held that this conditional language, couched in a response to discovery, "amounted to an 'empty notice' because it did not include all the information required by section 40-35-202(a)." *State v. Benham*, 113 S.W.3d 702, 705 (Tenn. 2003). Therefore, the State cannot fairly argue that this document demonstrates that Petitioner was aware of their intent to seek enhanced punishment. However, this Court has held on multiple occasions that even a complete lack of notice would render a judgment merely voidable and, therefore, not eligible for habeas corpus relief. *See Quintell Deshon Hardy v. Joe Easterling, Warden*, No. W2009-02633-CCA-R3-HC, 2011 WL 198626, at *3 (Tenn. Crim. App., at Jackson, Jan. 12, 2011) (citing several decisions of the Tennessee Court of Criminal Appeals in which the court determined the failure to provide sufficient notice rendered judgment voidable rather than void).

Finally, Petitioner argues that the dismissal of his petition was improper because any defects could have been cured through an evidentiary hearing. However, under the habeas corpus statutes, the burden of proving entitlement to relief rests solely on the petitioner. *See* T.C.A. § 29-21-109 ("If, from the showing of the petitioner, the plaintiff would not be entitled to any relief, the writ may be refused..."). As clarified by the Tennessee Supreme Court in *Summers v. State*, the petitioner is the one who "bears the burden of providing an adequate record for summary review of the habeas corpus petition." 212 S.W.3d at 261. Therefore, Petitioner's failure to attach to his petition a copy of the transcript of his plea or sentencing hearing cannot be cured by an evidentiary hearing in the habeas corpus court. Summary dismissal of his petition was proper in this case.

We note that even if we were to treat this petition as one for post-conviction relief, the Petitioner's claims would be waived under Tennessee Code Annotated section 40-30-106(g). Voidable judgments may be challenged in post-conviction proceedings if there is a constitutional basis for the error - such as a due process violation, ineffective assistance of counsel, or an involuntary or unknowing plea. *See Summers*, 212 S.W.3d at 261. However, under Tennessee Code Annotated section 40-30-106(g), "A ground for relief is waived if the petitioner personally or through an attorney failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented." Since Petitioner could have raised these claims in a direct appeal of his sentence under Rule 3(b) of the Tennessee Rules of Appellate Procedure but did not do so, they are waived for post-conviction purposes.

*Conclusion*

Upon thorough review of the record, we hold that the Petitioner failed to state a

4

cognizable claim and, therefore, is not entitled to habeas corpus relief.  We affirm the judgment of the lower court.


                                      _____

                                        JERRY L. SMITH, JUDGE